IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOLID 21, INC., <br><br> Plaintiff, <br><br> v. <br><br> BREITLING U.S.A., INC.; BREITLING SA; AND BREITLING AG; <br><br> Defendants. | Case No.: 3:19-cv-00514-MPS |

**PLAINTIFF SOLID 21, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION TO WITHDRAW DEEMED ADMISSIONS</u>**

Plaintiff Solid 21, Inc. respectfully submits this memorandum of law in support of its motion to withdraw deemed admissions pursuant to Federal Rule of Civil Procedure 36(b). For the reasons that follow, Plaintiff requests that the Court exercise its discretion to withdraw deemed admissions stemming from Plaintiff's late submission of its responses and objections to Defendant Breitling U.S.A., Inc.'s first set of requests for admission.

**I.     Background**

On November 18, 2020, Defendant Breitling U.S.A., Inc. ("Breitling") served its First Set of Requests for Admission ("RFAs") on Plaintiff. Declaration of David L. Hecht, Esq. ("Hecht Decl."), Ex. A. At that time, Breitling was on notice that Solid 21's counsel "was no longer able to competently represent plaintiff" and the attorney-client relationship was "imperiled." Dkt. 91-1, ¶¶ 3-5. Prior counsel's withdrawal motion (Dkt. 91) was pending when Breitling served its RFAs. The Court would not render its decision on prior counsel's Motion to Withdraw until November 24, 2020 (Dkt. 93).

1

Present counsel first appeared on Plaintiff's behalf on December 23, 2020, and counsel from Hecht Partners LLP was admitted *pro hac vice* on January 5, 2021. As part of present counsel's efforts to promptly remedy the various issues stemming from the breakdown in the attorney-client relationship between Plaintiff and its previous counsel, Plaintiff served its objections and responses to the RFAs on Defendants on January 7, 2021. Hecht Decl., Ex. B. Of the 39 RFAs it received, Plaintiff (subject to objections) admitted 12 without qualification (RFA Nos. 12-13, 15, 17-18, 20, 22-27), admitted 6 with qualifications (RFA Nos. 1-2, 4, 8-10), and denied 21 (RFA Nos. 3,[1] 5-7, 7, 11, 14, 16, 19, 21, 28-39). Hecht Decl. Ex. C. On January 14, 2021 counsel for Defendants sent Plaintiff's counsel correspondence in which Defendants stated "[a]ll matters requested in Breitling's requests for admissions have already been automatically admitted by operation of [Federal Rule of Civil Procedure] 36(a)(3)." Hecht Decl. Ex. D.

Plaintiff requests that the Court exercise its discretion to withdraw deemed admissions as to RFA Nos. 1-2, 4, 5-11, 14, 16, 19, 21, 28-39 that resulted from the late-submitted RFA responses, where granting the relief would promote the presentation of the merits of this case, and where doing so would not prejudice Defendants in defending the case on the merits.

**II.    Argument**

Plaintiff does not dispute the operation of Rule 36(a)(3) as to deemed admissions. But Courts have the discretion to provide a party with "relief from the provisions of Fed. R. Civ. P. 36(a)(3) with respect to the consequences for failing to timely respond to a request for admissions." *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 651–52 (2d Cir. 1983); *see also Rosenbaum v. Farr*, No. 3:11-cv-1994, 2013 WL 6860102, at *1 (D. Conn. Dec. 30, 2013); *Vandever v. Murphy*,

---

[1] Plaintiff's response to RFA No. 3 was inadvertently drafted ambiguously, in an effort to respond rapidly, but the intent of the response was to deny the request for admission. Hecht Decl. at ¶ 3.

2

No. 3:09-cv-1752, 2012 WL 5507257, at * 2 (D. Conn. Nov. 14, 2012); *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988). "A party's loss of the right to contest a matter on the merits is not to be treated lightly." *O'Bryant v. Allstate Ins. Co.,* 107 F.R.D. 45, 48 (D.Conn.1985) (quotations omitted). Courts should be particularly reluctant to deprive a party of the right to contest a matter on the merits based on deemed admissions, especially where deemed admissions are used "as a factual predicate for a motion for summary judgment." *Thalheim*, 124 at 35.

To avoid such harms, Rule 36(b) permits the withdrawal of an admission when (1) "it would promote the presentation of the merits of the action" and (2) withdrawing admissions would not "prejudice the requesting party in maintaining or defending the action on the merits." *See Rosenbaum*, 2013 WL 6860102, at *1. "The prejudice contemplated by Rule 36(b) is not merely that the party obtaining the admission must, as a consequence of the withdrawal, prove the matter admitted but rather relates to difficulties the party may face in proving its case, such as the availability of key witnesses." *Id.* (*quoting Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 217 F.R.D. 296, 298 (D. Conn. 2002)). Both prongs are satisfied here.

A.   **Withdrawing the Deemed Admissions Will Promote the Presentation of the Merits of this Case**

Breitling's RFAs included several requests that relate to central issues in this case on which Defendants' have the burden of proof, such as the validity of RED GOLD® trademark. Indeed, Defendants' motion for summary judgment relies on deemed admissions regarding such central issues in dispute, and on which Defendants bear the burden of proof. *See* Dkt. 107-1 at 13 ("And, by virtue of Plaintiff's failure to timely respond to Breitling's requests for admissions under Fed. R. Civ. P. 36(a)(3), Plaintiff admits that "red gold" is a generic word for this gold metal alloy that contains copper with reddish color or hue, which "is not proprietary or exclusive to" Plaintiff or anyone else."); *see also* Dkt. 107-2 at ¶¶ 31-32. Examples of the RFAs that appear to relate to

3

central issues include RFA Nos. 5-7, 7, 11, 14, 16, 19, 21, 28-39, as these RFAs appear directed to questions regarding any use of the RED GOLD® trademark as descriptive, or other uses that would relate to the genericness and thus the validity of the mark. Here, the RED GOLD® trademark is entitled to a presumption of validity, particularly where it has status as an incontestable mark. Defendants thus bear the burden of proof to rebut this presumption of validity. This means that the RFAs at issue here deal with central issues on which Defendants bear the burden of proof. Withdrawing these deemed admissions would, therefore, necessarily promote the presentation of the case on its merits.

> **B. Granting the Relief Sought Would Not Prejudice Defendants, As It Would Only Mean that Defendants Must Prove Their Case**

As mentioned above, the type of "prejudice" to Defendants contemplated by the withdrawal of deemed admissions would relate to issues like the difficulty in finding witnesses or other evidence needed to meet their burden of proof. *See Security Ins. Co. of Hartford*, 217 F.R.D. at 298; *see also United States v. $23,940.00 in United States Currency*, No. 3:14-CV-01226, 2015 WL 7295430, at *2 (D. Conn. Nov. 18, 2015) ("The prejudice contemplated by Rule 36(b) . . . is not simply that the party who obtained the admission now has to convince the trier of fact of its truth . . . . [but] relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission."). It is not prejudicial for purposes of Rule 36(b) that Defendants "must, as a consequence of the withdrawal, prove the matter admitted." *See id.*; *Rosenbaum*, 2013 WL 6860102, at *1.

Here, Defendants attempt to prevail on summary judgment in part by relying on deemed admissions. Withdrawing deemed admissions will simply mean that Defendants must prove the merits of their case; it does nothing to cause Defendants "special difficulties" in obtaining evidence. *Currency*, 2015 WL 7295430, at *2. Here, discovery is ongoing, and does not close

4

under the current scheduling order until March 21, 2021. The parties will also be exchanging further document productions and are working to schedule fact and expert witness depositions. *See* Hecht Decl. ¶ 5. Defendant thus has every opportunity to marshal evidence it needs to meet its burdens of proof. Withdrawing the deemed admissions causes no "special difficulties" that would amount to the sort of prejudice relevant to Rule 36(b).[2]

## III.    Conclusion

For the foregoing reasons, Plaintiff requests that the Court grant its motion and withdraw the deemed admissions as to Breitling's RFA Nos. 1-2, 4, 5-11, 14, 16, 19, 21, 28-39.

Dated: January 25, 2021                                              Respectfully Submitted,

/s/ David L. Hecht

David L. Hecht
Hecht Partners LLP
125 Park Avenue, 25th Floor
New York, NY 10017
P: (212) 851-6821
dhecht@hechtpartners.com

Jeffrey W. Kennedy
Milano & Wanat LLC
471 East Main Street
Branford, Connecticut 06405
P: (203) 315-7000
jkennedy@mwllc.us

---

[2] This lack of prejudice is further reinforced where Breitling elected to serve its RFAs at a time when it knew Plaintiff was in a compromised situation (given that Plaintiff's previous counsel's withdrawal motion was then-pending), and served these RFAs despite several months remaining until the close of discovery. Breitling had every reason to expect Plaintiff would retain new counsel, since Solid 21, Inc. cannot appear *pro se*. *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Breitling could have waited to serve its RFAs until Plaintiff was again represented. It chose not to.

## CERTIFICATION OF SERVICE

I hereby certify that on January 25, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

/s/ David L. Hecht
David L. Hecht
