### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------  x
SOLID 21, INC.,                                                  :
                                                                 :
    Plaintiff,                                 :   C.A. NO. 3:19-CV-00514-MPS
                                                                 :
    v.                                          :
                                                                 :
BREITLING U.S.A., INC.; BREITLING SA;                            :
AND BREITLING AG,                                                :   JUNE 2, 2021
                                                                 :
    Defendants.                                 :
---------------------------------------------------------------  x

**DEFENDANTS' MOTION FOR TERMINATING SANCTIONS AGAINST PLAINTIFF, OR IN THE ALTERNATIVE, FOR ISSUE SANCTIONS AGAINST PLAINTIFF, THE DISQUALIFICATION OF HECHT PARTNERS, REVOCATION OF DAVID HECHT'S *PRO HAC VICE* ADMISSION, AND A REFERRAL TO VARIOUS STATE <u>BAR DISCIPLINARY AUTHORITIES</u>**

Defendants and Counterclaimants Breitling U.S.A., Inc. and Breitling SA (a/k/a Breitling AG) (collectively, "Defendants" or "Breitling") hereby respectfully move this Honorable Court for the issuance of terminating sanctions against Plaintiff Solid 21, Inc. ("Plaintiff"), or, *in the alternative*, to (i) impose issue sanctions on Plaintiff as set forth below, (ii) disqualify Plaintiff's lead counsel, David Hecht ("Mr. Hecht"), and his firm Hecht Partners, LLP ("Hecht Partners") (collectively, "Plaintiff's Counsel"); (iii) revoke Mr. Hecht's *pro hac vice* admission to appear in this Court; and (iv) make a referral to the disciplinary authorities of State bars to which Mr. Hecht belongs (*e.g.*, New York and New Jersey) and the Connecticut State bar to put them on notice of his deliberate unethical actions and to ensure that Mr. Hecht cannot enjoy the privilege of *pro hac* admission in this forum in the future.

Plaintiff, aided and abetted by its counsel, has now been caught red handed engaging in a series of mistruths, half-truths, and objectively unethical behavior during this litigation—including a number of falsities presented to *this* Court. And, Defendants have discovered that this deceptive, unethical behavior is apparently standard operating procedure employed by Mr. Hecht and his namesake firm, Hecht Partners. These actions cannot stand. Terminating sanctions should be issued against Plaintiff for this egregious behavior that has tainted these proceedings, caused delay and expense, and has laid the foundation to infect the jury pool.

Most recently, and only the last straw in a series of misconduct, Plaintiff engaged in a scheme whereby it, acting through its counsel, directly caused a false, misleading, and defamatory press release to be published globally in an effort to attack and libel Defendants and their officers, presumably intended as leverage in the case and, specifically, immediately following referral for potential resolution efforts. The press release—again, the latest in a string of misconduct—goes far beyond mere marketing or attempted leverage as some firms have otherwise been known to

undertake. Rather, the offending release first appeared on EUR/Electronic Urban Report (ww.eurweb.com), which bills itself as "the Internet's foremost information source for urban entertainment, sports, politics and opinion." Mr. Hecht and his firm (acting on behalf of Plaintiff)—and not withstanding Mr. Hecht's recent statement to this Court otherwise—**directly** commissioned this defamatory release published on or about May 8, 2021, concerning this litigation specifically and Defendants generally. The release, misleadingly entitled "Jeweler to the Stars Chris Aire Scores Victory over Breitling in Infringement Case," made a number of defamatory remarks that both Plaintiff and Plaintiff's Counsel knew to be categorically false and deceptive, and which were clearly far outside the ambit of the issues in this case, as discussed below.

Once Plaintiff's latest misdeed was discovered, Mr. Hecht (undoubtedly directed by, or complicit with, Plaintiff), proceeded to misrepresent *to this Court* his firm's involvement with the offending release. In fact, within *minutes or hours* following the defense having called out Plaintiff for its misconduct, and Mr. Hecht having proclaimed no involvement, it appears as though Mr. Hecht and his firm tried (unsuccessfully) to scrub all traces of their involvement with the offending release. For example, they changed the sole source attribution in the press release from "Hecht Partners" to an unknown (but likely public relations) entity, "Elevate Strategic." Unfortunately for Plaintiff, cached versions of the release corroborate the fact that (i) the original release came directly from Hecht Partners, (ii) Plaintiff has engaged in unethical behavior, and (iii) Mr. Hecht and his firm *attempted to cover up these misdeeds* once caught. For this, and arising out of counsel and Plaintiff's history of misconduct, terminating sanctions are appropriate here. Simply put, the libelous and prejudicial release is now out there in various mediums and easily located via a simple Google search for all potential jurors to see.

This press release was not the first severe ethical infraction that Plaintiff has committed in these proceedings.  Once Defendants became aware of Plaintiff's weak moral compass (or lack thereof), Defendants uncovered a series of misrepresentations that Plaintiffs have injected into this litigation that cannot be easily cured.  For example, it is now crystal clear that Plaintiff has filed numerous papers with this Court that tried to excuse its failure to properly conduct and/or respond to discovery underpinned by false factual assertions that came to light thanks to recently unsealed papers in another litigation (*Damonie Earl, et. al, v. The Boeing Company et al.*, E.D.Tex. Case No. 4:19-cv-00507) involving David Hecht and his firm.  In that case, Mr. Hecht and his firm were advancing a polar-opposite narrative (likely because that story helped the fiction being perpetrated in that case), declaring under penalty of perjury that *they never left* Pierce Bainbridge Beck Price & Mr. Hecht LLP, which is the *opposite* of the declarations provided to this Court in recent discovery proceedings.

Defendants have also learned of other severe infractions committed by Mr. Hecht and his firm.  Yet, Mr. Hecht and Hecht Partners remain undeterred, likely because past sanctions were not strong enough.  For example, when the court caught Mr. Hecht engaging in ethical violations in a case pending in the Southern District of New York (*Dareltech, LLC, v. Xiaomi Inc. et al*, S.D.N.Y. Case No. 18 Civ. 8729), Mr. Hecht counted it as a "win" simply because he was not disqualified and proceeded to use it as a marketing tool on the professional networking site LinkedIn.  In that case, the federal trial court [1] excluded all of the improperly obtained surveillance video that Mr. Hecht and his accomplice (an investigator) recorded, and [2] found that Mr. Hecht personally "acted inconsistently with professional ethics."

/ / /

Plaintiff cannot evade responsibility for actions that its counsel committed on its behalf because, as the Second Circuit has made clear, terminating sanctions can be imposed on a party based on their counsel's nefarious conduct because "[a] litigant chooses counsel at his peril." *See Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979). And Plaintiff's violations, including those committed on its behalf by counsel, are severe enough to constitute terminating sanctions to deter others from viewing these sacrosanct ethical obligations as optional or inconsequential.

To the extent that the Court finds that terminating sanctions are not yet warranted to punish Plaintiff for its various misdeeds, in the alternative, Defendants respectfully request that the Court impose issue sanctions on Plaintiff for these outlandish tactics. In particular, Defendants ask that the Court impose issue sanctions by [1] striking Plaintiff's Motion to Withdraw its Deemed Admissions (Dkt. No. 120) and [2] excluding Plaintiff's late-disclosed experts (Dkt. No. 105), which are also premised on false excuses perpetrated by Plaintiff and Plaintiff's Counsel to justify their delay. Plaintiff's prior admissions should stand in this litigation, and Plaintiff should not be allowed to delay these proceedings with late-disclosed experts based on misrepresentations to this Court. In addition, based on the apparent fact that Mr. Hecht and his firm have repeatedly engaged in these ethical violations—and their willingness to openly flout ethical rules as a personal "win"— Mr. Hecht and his firm must be disqualified as counsel in this litigation, Mr. Hecht's *pro hac vice* admission must be revoked, and the matter must be referred to the State bars to which Mr. Hecht belongs (*e.g.*, New York and New Jersey) and the State bar of Connecticut so that Mr. Hecht and

Hecht Partners cannot infect future proceedings with these moral failings and violations of Connecticut's rules of professional conduct.

Dated: June 2, 2021

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By */s/ Craig J. Mariam*
    Thomas C. Blatchley (ct25892)
    Craig J. Mariam (*pro hac vice*)
    Gordon Rees Scully Mansukhani, LLP
    95 Glastonbury Blvd., Ste. 206
    Glastonbury, CT 06033
    Phone: (860) 494-7525
    Fax: (860) 560-0185
    Email: tblatchley@grsm.com
    Attorneys for Defendants and
    Counterclaimants Breitling U.S.A., Inc.;
    Breitling SA (a/k/a Breitling AG)

## CERTIFICATION OF SERVICE

I hereby certify that on June 2, 2021, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

                                            */s/ Craig J. Mariam*
                                            Craig J. Mariam