# EXHIBIT H

# EXHIBIT H

```
                      UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - x

SOLID 21, INC.                              No. 3:19-CV-514 (MPS)
        Plaintiff,
                                            APRIL 27, 2021
vs.
                                            4:07 P.M.
BREITLING U.S.A., INC.;
BREITLING SA; and BREITLING AG,             TELEPHONIC DISCOVERY
        Defendants.                         CONFERENCE

- - - - - - - - - - - - - - - - x

                       915 Lafayette Boulevard
                       Bridgeport, Connecticut

         BEFORE:   THE HONORABLE S. DAVE VATTI, U.S.M.J.


APPEARANCES:

FOR THE PLAINTIFF:

         HECHT PARTNERS LLP
             125 Park Avenue, 25th Floor
             New York, New York 10017
         BY: DAVID HECHT, ESQUIRE
         BY: YI WEN WU, ESQUIRE
         BY: CONOR McDONOUGH, ESQUIRE

FOR THE DEFENDANTS:

         GORDON & REES
             101 West Broadway, Suite 2000
             San Diego, California 92101
         BY: HAZEL MAE B. PANGAN, ESQUIRE

         GORDON & REES
             95 Glastonbury Boulevard
             Glastonbury, Connecticut 06033
         BY: THOMAS C. BLATCHLEY, ESQUIRE

COURT REPORTER:  Julie L. Monette, RMR, CRR, CRC
                 (860) 212-6937

Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

1            So I've also kept in mind that the Second Circuit has
2   said that a district court has broad discretion to direct and
3   manage the pretrial discovery process and that its discovery
4   rulings are reviewed only for abuse of discretion.  And I'll
5   cite to *Wills vs. Amerada Hess Corporation*, 379 F.3d 32 at page
6   41, Second Circuit 2004.
7            So in looking at Request for Production 1, which was
8   served on, as I said, August 20th of 2019, it requests
9   documents and communications referring to the term RED GOLD or
10  Solid 21's RED GOLD trademark from January 2006 to the present.
11           I've interpreted the term "present" as meaning at the
12  time that the request for production was served so that that
13  would be January 2006 to August 20th of 2019.
14           ==The Defendants responded.  And I also do understand,==
15  ==and I think this is important to point out, that the Gordon &==
16  ==Rees firm was not counsel to the Defendants at the time of the==
17  ==response to Request for Production No. 1.  So I don't mean to==
18  ==impugn the Gordon Reese firm or Attorneys Pangan or Blatchley==
19  ==in any way.==
20           ==The response is effectively a bunch of boilerplate==
21  ==objections based on relevance, facial overbreadth, undue==
22  ==burden, and also invokes a number of privileges, including both==
23  ==attorney-client privilege and the work product doctrine.  I==
24  ==don't think that the response to Request for Production No. 1==
25  ==was at all in compliance with Federal Rule of Civil Procedure==

1   34 -- let me find the specific citation here -- 34(b)(2)(C),
2   which requires that any objection to a request for production
3   must state whether any responsive materials are being withheld
4   on the basis of that objection.
5           The objection does not specify at all whether any
6   search for documents was made.  The term "documents" and
7   "communications" under Connecticut's local Rule 16, the way
8   that term is defined includes electronically stored
9   information, which would include e-mails.  And the request --
10  the response does not specify whether any search for
11  electronically stored information was ever made.
12          The response also, as I said, invokes privilege.  It's
13  very clear under the Federal Rules that a privilege log must be
14  submitted under Rule 26(b)(5), I believe.  And there are
15  certain specific requirements for that privilege log, and the
16  Defendants did not comply with the requirements of Rule 26
17  either in furnishing a privilege log.  So it's a significant
18  finding for me that the Defendants failed to comply with the
19  letter of the Federal Rules of Civil Procedure in their
20  discovery response.
21          That having been said, it's very clear that the
22  Plaintiffs at that point did not pursue a motion to compel.  It
23  doesn't appear that, at least from the record before me, that
24  the Plaintiffs raised the issue in 2019 in close proximity to
25  when these responses were filed.

1         What is apparent to me is one of the reasons that it
2 may not have been raised is the fact that there was litigation
3 pending between Solid 21 and UNI, I believe, in the Southern
4 District of Florida.  It also involved the same counsel on both
5 sides.  It appears that in late '19 that litigation in Florida
6 was full steam ahead.  Depositions were being taken.  The case
7 was being prepared for trial.  The case was set down for trial
8 in early February of 2020.
9         And that is corroborated by the fact that the parties
10 filed a Joint Status Report apprising the Court of that
11 litigation and then ultimately filed January 17, 2020, a Joint
12 Motion to Modify the Scheduling Order in which they explained
13 the status of the Florida litigation, the efforts that were
14 taking place in the Florida litigation, including significant
15 discovery, and that was the reason why the scheduling order in
16 the Connecticut case was being extended.
17         ==My understanding from the oral argument that we had==
18 ==last time on April 19th is that the Florida litigation was==
19 ==settled sometime at the end of January or early February of==
20 ==2020, and thereafter Mr. Hecht made preparations to leave the==
21 ==Pierce Bainbridge firm.  I think the Gordon Reese firm came==
22 ==into this case in March of 2020, and it looks like in April==
23 ==Pierce Bainbridge -- that Mr. Hecht left and an attorney from==
24 ==Pierce Bainbridge assumed the representation of the Plaintiff.==
25         It also does appear to me that not much occurred in

1  this case throughout the rest of 2020.  It doesn't appear that
2  the Pierce Bainbridge firm did any significant work.  The
3  parties did file joint motions to modify the scheduling order
4  invoking the COVID-19 pandemic and the difficulty in scheduling
5  in-person depositions, particularly in light of various trial
6  restrictions.
7          I would note that the Pierce Bainbridge firm moved to
8  withdraw in October of 2020.  That Motion to Withdraw was not
9  acted upon until approximately six weeks later when it was
10 denied on November 24th.
11         ==What's significant to me is that local counsel, Mr.==
12 ==Kennedy, appeared December 23rd of 2020, and there was a Motion==
13 ==to Substitute Counsel.==  ==So it appears to me that there was==
14 ==obviously disagreement between -- or at least some difficulties==
15 ==between Plaintiff and their counsel for that 60-day period==
16 ==between October 14th of 2020 and December 23rd of 2020.==
17         While the Court denied the Motion to Withdraw
18 initially, the Court did grant the Motion for Substitute
19 Counsel, and Mr. Hecht reappeared in this case on behalf of the
20 Plaintiffs, along with Mr. Wu, in mid-January of 2021.
21         Another piece that was significant to me was that in
22 early 2021, after the Motion for Substitute Counsel was
23 granted, it was clear that Attorneys Kennedy and Hecht
24 recognized that the current discovery deadline that was in
25 force, which was March 21st of 2021, was unlikely to be met

1  based on the status of the case at that time, and they did file
2  a Motion to Modify the Scheduling Order, which the Defendants
3  objected to.  That case -- that motion remains pending.
4         It's likely that the motion remained pending because
5  the Court wished to see what efforts were taken from a
6  diligence point of view to pursue the case.  And those motions
7  remained pending through February and March.
8         It appears to me that, based on our discussions on
9  April 19th, that there was diligence when Mr. Hecht reappeared
10 in the case.  A number of depositions were taken.  Fact
11 discovery seems to have been completed during that time frame
12 contemplated.  Expert disclosures were made by both parties.
13 Expert depositions were conducted with the exception of the
14 deposition of Plaintiff's expert linguist, Ronald Butters, due
15 to medical issues that Mr. Butters was suffering from.  And as
16 it turned out, the parties, anticipating that they would need
17 further time, also filed a motion to extend the time to take
18 Mr. Butters' deposition beyond the time that was -- that had
19 been ordered at that point.  That motion also was pending
20 before the Court and was not acted upon as far as I can see
21 from the docket.
22         As far as Request for Production No. 1, after Mr.
23 Hecht appeared, there's no dispute that nobody raised that
24 issue, I think, prior to Mr. Hecht reappearing in the case on
25 January 14th, 2021.  It does appear that no one disputes that

1    he at least raised the issue at the end of January of 2021.
2    While it was not the principal purpose of a phone call that
3    occurred, no one seems to dispute that at least the issue was
4    raised and discussed by counsel.
5            And it certainly appears that the issue of whether
6    there might be documents responsive to Request for Production
7    No. 1 came up in depositions and was again the subject of some
8    discussions among counsel in late March and that on March 30th,
9    nine days after the expiration of the discovery deadline, Mr.
10   Hecht brought the issue to the attention of Judge Shea's
11   chambers.
12           So the question for me is whether there is good cause
13   to excuse the nine-day delay, whether it was reasonably
14   foreseeable that the deadlines could not have been met, whether
15   there was diligence on the part of the Plaintiffs in not
16   pursuing this matter.
17           I did read the cases that were cited by Attorneys
18   Pangan and Blatchley in their letter brief, and I agree that
19   there is authority for the Court to reject the reopening of
20   discovery if a motion to compel has not been filed within the
21   discovery deadline.
22           The one thing that stood out to me as missing from
23   those cases, or at least that was not present in those rulings,
24   were situations where the defendants themselves also did not
25   comply with the discovery rules thereby contributing to the

1  problem and where they may not be able to necessarily claim
2  undue prejudice as a result of their own conduct.
3        I find it disturbing that the Defendants never
4  undertook a search for responsive electronically stored
5  information despite what the local rules for the District of
6  Connecticut define as electronically stored information and
7  communications, as I mentioned earlier.
8        I also find it troubling that there was never any
9  mention made, despite the objections and the invocation of
10 privilege, of a privilege log or whether there existed
11 responsive documents.  I certainly agree with Attorney Pangan
12 that experienced counsel like Mr. Hecht and Mr. Kennedy might
13 have surmised that there must be documents that hadn't been
14 produced, but that's not the way our discovery rules are set up
15 for counsel to have to surmise that.  The rules require
16 explicitly that documents that exist and are being withheld be
17 specified and that a privilege log, if privilege is being
18 claimed, be prepared and submitted to opposing counsel.  That
19 was not done in this case, and it was never done in response to
20 Request for Production No. 1.
21       ==I also think the fact that various motions to extend==
22 ==this scheduling order were pending and not acted on by the==
23 ==Court is a significant factor.==  I think that Plaintiffs and
24 Defendants, in the time between January of 2021 and the end of
25 March, were acting with due diligence in trying to complete

C E R T I F I C A T E

       I, Julie L. Monette, RMR, CRR, CRC, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

/S/ JULIE L. MONETTE

_____
Julie L. Monette, RMR, CRR, CRC
Official Court Reporter
450 Main Street
Hartford, Connecticut 06103
(860) 212-6937