# EXHIBIT J

# EXHIBIT J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY and SOUTHWEST AIRLINES CO., <br><br> Defendants. | Civil Action No. 4:19-cv-00507 |

**DECLARATION OF DAVID L. HECHT IN SUPPORT OF PIERCE BAINBRIDGE'S SUPPLEMENTAL RESPONSE TO ANDREW WILLIAMSON'S NOTICE AND *EX PARTE* SUBMISSION**

I, David L. Hecht, hereby declares as follows:

1. I am a partner with Hecht Partners LLP (and of counsel to the law firm of Pierce Bainbridge Beck Price & Hecht LLP ("PB")[1]). I am counsel of record for Plaintiffs in the above-captioned litigation. I am an attorney authorized to practice before this Court. I am over 21 years of age and am not a party to this action. I make this declaration based upon my own personal knowledge of the facts asserted herein, and if called to testify, I could and would testify

---

[1] PB is in the process of changing its name to remove, *inter alia*, my name, as I am no longer a partner there.

-1-

competently thereto. I submit this declaration in support of PB's supplemental response to Andrew Williamson's Notice and *Ex Parte* Submission.[2]

A.  BACKGROUND

2.  The May 13 hearing concerned the Motion to Withdraw ("Motion") (Dkt. 79). Dkt. 84. At that hearing I offered several statements regarding the reasons the Motion had been filed in error to provide the Court with the context as to why PB was withdrawing the Motion. I made those statements without specifically naming Mr. Williamson or revealing the fact that he did not seek my authorization before filing.

3.  Mr. Williamson has asserted that I made three misrepresentations at that May 13 hearing: (1) that the Motion was filed "in error"; (2) that Andrew Lorin and I had "never resigned from" PB; and (3) that I am "'knowledgeable' about this case" and have "had a critical role in" it. Dkt. 116 at p. 2; *id*., Declaration of Andrew Williamson ("Williamson Decl.") at ¶ 8.

4.  The transcript from the May 13 hearing demonstrates that I never made some of these purported misrepresentations. Each of my *actual* representations at issue was accurate to my knowledge.

5.  Notably, Mr. Williamson did not meet and confer with me before filing his Notice on May 18, 2020. *See* Dkt. 100. Nor did Mr. Williamson warn me that he intended to file the Notice until minutes before he did. *See* Williamson Decl., Ex. 11. In short, I was blindsided.

---

[2] PB submitted a response to the Notice on May 28, 2020 (Dkt. 109), before having received a copy of Mr. Williamson's *ex parte* letter, declaration, and exhibits on June 2. This declaration is submitted in response to that *ex parte* submission. While the Court has already canceled the hearing from the calendar, this declaration is submitted for the purposes of permitting the Court to expressly deny the relief sought by Mr. Williamson.

B.    **THE THREE ALLEGED "SPECIFIC MISREPRESENTATIONS"**

    1.    **Whether the Motion Was Filed in Error**

6.    Regarding whether the motion to withdraw was filed "in error," I stated at the hearing: "We believe the motion was submitted in error by a lawyer at Pierce Bainbridge during the tumultuous and uncertain time at the firm and in the United States with COVID in April. The lawyer might have thought it was appropriate, but it was in fact filed in error." *See* Williamson Decl., Ex. 1 (May 13, 2020 Hearing Transcript) ("Tr.") at 3:15-19. My statement was correct.[3]

7.    Prior to his filing the Motion on April 14, 2020 (Dkt. 79), Mr. Williamson never: (1) received my authorization to file the Motion; (2) informed me that he intended to file the Motion[4], (3) provided a copy of the Motion for my approval before filing; or (4) asked me whether I would continue to represent the Plaintiffs. *See also* Declaration of Raymond Torres, dated June 8, 2020 ("Torres Declaration") ¶ 3.

8.    Second, as noted in the Declaration of Andrew Lorin dated June 8, 2020 ("Lorin Declaration"), the Motion was filed without his permission. Lorin Decl. ¶ 7.

9.    I am unaware of Mr. Williamson, or any other person acting on behalf of PB, ever having: (1) consulted with the Plaintiffs to discuss the withdrawal of all PB attorneys; or (2) provided the Plaintiffs with the opportunity to continue to be represented by the purportedly withdrawing attorneys. I am also unaware that Mr. Williamson ever received permission from the clients to file the Motion. I referred to these sources of error when I advised the Court: "[T]o my knowledge, there has been no withdrawal of Pierce Bainbridge as counsel authorized by Plaintiffs. We have engagement agreements that continue to be active . . . ." Tr. 8:9-15.

---

[4] Had I been advised of the impending filing of the Motion, I would have told Mr. Williamson not to file the Motion.

-3-

10. The Motion was premised on the representation that "[a]s of April 15, 2020, none of the Withdrawing Attorneys will remain associated with Pierce Bainbridge." Dkt. 79 at 1. That representation was inaccurate. I referred to this error at the May 13 hearing when I stated: "The motion was actually wrong as to [] representing that as of April 15th none of the withdrawing attorneys would remain with PB. Mr. Lorin and myself have not left PB. We are still officed at PB . . . ." Tr. 3:13-24. My statements are accurate. Both Andrew Lorin and I continued to be affiliated with PB in connection with this matter, now and at the time I made the statement to the Court, as set forth below.

### 2. **Whether Mr. Lorin and I Remained at PB**

11. Mr. Williamson has asserted that I misrepresented that "[I] and Mr. Lorin never resigned from [PB], but instead only resigned from the partnership." Dkt. 116 at 2. However, the Transcript reflects that what I actually stated was: "The motion was actually wrong as to [] representing that as of April 15th none of the withdrawing attorneys would remain with PB. Mr. Lorin and myself have not left PB. We are still officed at PB . . . ." Tr. 3:13-24.

12. My statement at the May 13 hearing was correct. I have not left PB and am still officed there. Mr. Lorin also remained at PB. *See* Lorin Decl. ¶ 14.

13. While I resigned from the PB partnership on March 11, 2020, I have remained of counsel since that time in order to, *inter alia*, fulfill ongoing duties to clients and to transition certain matters from PB to Hecht Partners LLP. *See* Declaration of Camille Varlack, dated June 8, 2020 ("Varlack Declaration") ¶ 4; *see also* Torres Decl. ¶ 6.

14. Throughout this entire period I have remained on all PB systems and have continued to represent PB clients on behalf of PB, including interacting with opposing counsel and filing documents with relevant courts.

15. Mr. Williamson never asked me whether I would continue as of counsel to PB prior to his filing on April 14, 2020. Nor did Mr. Williamson ever ask me whether I would remain associated with PB after April 15, 2020, which I have. *See* Dkt. 79. Mr. Lorin also made clear his intention to remain with PB beyond April 15. Lorin Decl. ¶ 15.

16. Mr. Williamson was on notice that I maintained "of counsel" affiliation with PB since at least April 2, 2020, when Andrew Wolinsky, my former partner at Pierce Bainbridge and a current partner of Bathaee Dunne LLP, posted a draft motion to withdraw and a draft Proposed Order and indicated it was "good to file," tagging both a senior paralegal, Raymond Torres, **and Mr. Williamson**, in PB's internal team case channel relating to this matter, accessible to the entire PB team, including Mr. Williamson. (Tagging these personnel would ensure that an alert would be delivered directly to those people). *See* Torres Decl. ¶ 7.

17. Mr. Torres, senior paralegal at PB, contacted me shortly after receiving the message to verify that I did not wish to withdraw. *See* Torres Decl. ¶ 8. I told Mr. Torres that I was not going to withdraw and agreed that Mr. Torres should give my cell phone number to anyone who wanted to contact me about it. *Id*. After contacting me, Mr. Torres posted in the channel at 3:25 PM that "**David said he was not withdrawing from this case**." *Id*.

18. In response to questions regarding my status at PB posed by Mr. Wolinsky in the internal team case channel, Mr. Lorin commented: "But I think David is still at the firm until April 15" to which I replied: "**Correct, and Of Counsel afterwards**." Torres Decl. ¶ 9. Mr. Williamson had access to this message. Varlack Decl. ¶ 7. After posting that message, no one, including Mr. Williamson, ever followed up on or inquired with me about my status at PB with respect to this litigation. A true and correct copy of the above-referenced correspondence on PB's internal team case channel is attached as **Exhibit A**.

### 3. **Whether I am "'Knowledgeable' about This Case" and "Had a 'Critical' Role"**

19. Mr. Williamson asserts that I stated that I am "'knowledgeable' about this case" and that I "had[] a 'critical' role in this case." Dkt. 116, Williamson Decl. ¶ 8.b. But I never said on the May 13 court call that I am "'knowledgeable' about this case" – indeed, I never used the term "knowledgeable" at all.

20. To the extent that Mr. Williamson is referring my use of the word "knowledge," I said: "[W]e intend to be continuing to work with folks like Michael Pomerantz and others to make sure that, as the firm restructures, those counsel who are continuing and have critical roles, like Mr. Lorin and myself, could continue to be included, as well as working with people who, you know, have knowledge of the case." Tr. 9:16-21. In these statements I did not opine as to my level of knowledge about the case.

21. Similarly, Mr. Williamson acknowledges that I referred to my "critical" role in connection with his role in *securing funding* for the matter. *Id*. I have indeed had a critical role in securing funding for this matter.

22. Once the Motion was filed (without my permission), I could not represent in a withdrawal motion – in mid-April – that PB (at that time) possessed the financial resources to continue to service the clients unless and until funding was forthcoming. However, after the mid-April time frame my discussions with PB and others advanced. These developments meant that by the May 13 hearing, I was able to request in good faith to withdraw the Motion.

Dated June 8, 2020

/s/ David L. Hecht
David L. Hecht