UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOLID 21, INC., <br><br> *Plaintiff*, <br> v. <br><br> BREITLING U.S.A., INC.; BREITLING SA; AND BREITLING AG, <br><br> *Defendant*. | No. 3:19-cv-00514 (MPS) |

## RULING ON MOTION TO WITHDRAW ADMISSIONS

Plaintiff Solid 21, Inc. ("Solid 21") has filed a motion to withdraw its "deemed" admissions (ECF No. 119) made by virtue of its failure to respond timely to Rule 36 Requests to Admit propounded by Defendants Breitling USA, Inc., Breitling S.A., and Breitling A.G. (collectively, "Breitling"). Having reviewed the parties' briefs, I GRANT the motion.

I assume familiarity with the parties' briefs and the procedural history of this case. On November 18, 2020, Breitling served its first set of Requests of Admission ("RFAs") to Solid 21. ECF No. 123-1 at 17. The RFAs included the following requests pertinent to Breitling's pending motion for summary judgment (ECF No. 107):

- **RFA No. 6:** Admit that "red gold" is a way of describing the color or hue of an alloy of gold that contains copper.
- **RFA No. 11:** Admit that the term "red gold" identifies a gold metal alloy.
- **RFA No. 16:** Admit that you are aware that some jewelry and watch manufacturers other than Defendants [Breitling] use the phrase "red gold" to describe the color or hue of the alloy of gold in their products.
- **RFA No. 21:** Admit that you are aware that some jewelry and watch consumers use the phrase "red gold" to describe the color or hue of the alloy of gold in some jewelry and watch products.
- **RFA No. 23:** Admit that you do not have any patent rights in a metal alloy with a red hue or color.
- **RFA No. 26:** Admit that a metal alloy with a red hue is not proprietary or exclusive to [Plaintiff] Solid 21.

1

- **RFA No. 31:** Admit that the color or hue of the alloy of gold known as "red gold" is not proprietary or exclusive to any single source.
- **RFA No. 33:** Admit that you know of no facts that demonstrate that Defendants knew of your use of the Alleged Mark before Defendants began using the phrase "red gold" to describe the color of the alloy of gold used in certain of their products.

*Id.* at 17–18; *see also* ECF No. 120-2 at 5–8. Solid 21 responded to the RFAs on January 7, 2021, missing by about three weeks the thirty-day deadline established by Rule 36 of the Federal Rules. ECF No. 123-1 at 18; *see also* ECF No. 120 at 2; Fed. R. Civ. P. 36(a)(3). Breitling notified Solid 21 that the RFAs were deemed admitted under Rule 36(a)(3) because the responses were late. ECF No. 120-5 at 5. Solid 21 filed a motion to withdraw deemed admissions as to RFA Nos. 1–2, 4, 5–11, 14, 16, 19, 21, 28–39. ECF No. 120 at 2.

Under Rule 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3). "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "Rule 36 promotes truth-seeking in litigation and efficiency in dispensing justice by facilitating proof with respect to issues that cannot be eliminated from the case and narrowing the issues by eliminating those that can be." *River Light V, L.P. v. Lin & J Int'l Inc.,* 299 F.R.D. 61, 63 (S.D.N.Y. 2014) (internal quotation marks and alterations omitted). "Rule 36(b) grants courts discretion to permit an admission to be withdrawn or amended if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* (internal quotation marks omitted).

"Rule 36(b) does not require that a withdrawal not prejudice the requesting party … [but] [r]ather, it requires no prejudice to the requesting party's ability to 'maintain[ ] or defend[ ] the

2

action *on the merits*.'"  *Id.* (quoting Fed. R. Civ. P. 36(b) (emphasis added)).  "The prejudice contemplated by Rule 36(b) is not merely that the party obtaining the admission must, as a consequence of the withdrawal, prove the matter admitted but rather relates to difficulties the party may face in proving its case, such as the availability of key witnesses."  *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 217 F.R.D. 296, 298 (D. Conn. 2002).  "Courts may consider 'whether the moving party can show good cause for the delay, but they are not required to do so.'"  *River Light V, L.P.*, 299 F.R.D. at 64 (quoting *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298 (3d Cir. 2013)).  Even if the moving party cannot show good cause, the "refusal to permit withdrawal of deemed admissions may be an overly harsh sanction when a deemed admission would be dispositive of the litigation and no unfair prejudice would result from withdrawal."  *Id.*

     Breitling argues that I should not allow withdrawal of the deemed admissions because "Breitling has been and will be significantly prejudiced by counsel's belated request to withdraw [Solid 21's] admissions and such relief does not aid in the presentation on the merits."  ECF No. 128 at 1.  Specifically, Breitling argues that withdrawal of the admissions would not aid the presentation on the merits because the genericness issue "does not turn on [the] admissions."  *Id.* at 6–7.  Among the many deemed admissions, Solid 21 admits that red gold describes a gold alloy, that other jewelry companies use the term to describe jewelry, that red hue is not exclusive to Solid 21, and that no facts suggest that Breitling knew of Solid 21's use of the mark before its own use.  ECF No. 123-1 at 17–18.  Breitling's summary judgment motion, which seeks, among other things, a finding as a matter of law that "red gold" is generic, makes clear that these admissions go to critical issues in this case and support Breitling's claim that the mark is generic.  Whether a mark is generic is a "fact-specific" analysis, *FragranceNet.com, Inc. v. Les Parfums,*

*Inc.*, 672 F.Supp.2d 328, 330 (E.D.N.Y. 2009), that requires courts to consider evidence including "(1) dictionary definitions; (2) generic use of the term by competitors and other persons in the trade; (3) plaintiff's own generic use; (4) generic use in the media; and (5) consumer surveys," *Pilates, Inc. v. Current Concepts, Inc.*, 120 F.Supp.2d 286, 297 (S.D.N.Y. 2000).  Thus, even if the admissions would not be dispositive on the genericness issue, they would plainly contribute to the ultimate decision of whether this mark is generic.  There is thus little doubt that granting the motion would "promote the presentation of the merits of the action" in the sense that Breitling would be required to offer evidence to establish the facts that are covered by the admissions.  Breitling also argues that Solid 21's own evidence is "consistent with the admissions and offer an independent basis for denying [Solid 21's] claims," and lists Solid 21's evidence describing red gold as a type of gold alloy.  ECF No. 128 at 6–7.  That point, however, tends to show more that Breitling would not be prejudiced by an order granting the motion than it tends to show that the admissions do not bear heavily on the merits of the action.  In any event, Solid 21 disputes both the characterization of the cited evidence and offers its own evidence in rebuttal.  ECF No. 129 at 5.

      Breitling claims that it will be prejudiced by a withdrawal of the deemed admissions because "the time to resolve [Solid 21's] improper responses will certainly take the parties beyond the discovery deadline" and "the discovery devices available to them will have become incredibly constrained due to the limited discovery period that remains."  ECF No. 16 at 8.  I disagree and do not find that Breitling would suffer prejudice in the sense recognized by Rule 36(b). [1]  The fact that Breitling relies in part on the admissions in its motion for summary

---

[1] I also note that Solid 21 was twenty days late in submitting the responses to the RFAs.  The delay coincided with Solid 21's change in attorneys, ECF Nos. 97–102, and was relatively short.  *See Amerisource Corp. v. Rx USA Int'l, Inc.*, No. 02-2514, 2005 WL 8156993, at *2 n.4 (E.D.N.Y. Feb. 22, 2005) (finding that the delay in response of thirty-four days "was comparatively brief" when the case had been pending since 2001).

judgment does not "constitute prejudice[] within the meaning of Rule 36(b)." *Williams v. Boulevard Lines, Inc.*, No. 10-2924, 2013 WL 1180389, at *8 (S.D.N.Y. Mar. 12, 2013) (citation omitted).  Breitling also fails to identify any "special difficulties" it will face, such as the unavailability of key witnesses.  After Solid 21 filed its motion to withdraw deemed admissions on January 25, 2021, ECF No. 119, Breitling had almost two months to gather additional discovery in place of the deemed admissions.  Discovery closed on March 21, 2021.  *See* ECF No. 89.  Breitling argues that it only had until February 19, 2021 "to issue new discovery requests."  ECF No. 128 at 8.  As Solid 21 points out, however, Breitling still had "the opportunity to depose several witnesses on this issue," including key expert witnesses, and Breitling had "left open the deposition of Chris Aire, Solid 21's President."  ECF No. 129 at 6.  The withdrawal of the admissions would do no more than leave Breitling to prove its case.

       Therefore, I grant the motion to withdraw deemed admissions.

IT IS SO ORDERED.

/s/<br>Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           September 20, 2021