UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOLID 21, INC., <br><br> Plaintiff, <br><br> v. <br><br> BREITLING U.S.A., INC.; BREITLING SA; AND BREITLING AG, <br><br> Defendants. | Civil Action No. 19-cv-00514-MPS |

**PLAINTIFF SOLID 21, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL (DKT. NO. 124)**

Pursuant to Local Rule 5(e), the Standing Protective Order (Dkt. No. 5, hereinafter "SPO"), and this Court's Order dated September 20, 2021 (Dkt. No. 189), Plaintiff Solid 21, Inc. ("Plaintiff") respectfully requests that this Court maintain under seal: 1) portions of Exhibit 7 to the Hecht Declaration (Dkt. No. 123-15, hereinafter "Ex. 7") submitted in connection with Plainitff's Opposition to Defendants' Motion for Summary Judgment, and 2) portions of Exhibit V (Dkt. No. 107-36, hereinafter "Ex. V") submitted by Defendants in connection with their Motion for Summary Judgment.  Attached herein as Exhibits 1 and 2 are redacted versions of Ex. 7 and Ex. V, respectively, with the redactions indicating which portions of these documents Plaintiffs asks this Court to maintain under seal.  These redacted sections contain sensitive and confidential information on Plaintiff's business, including non-public revenue, expense, and strategic business information that could place Plaintiff at a competitive disadvantage were such information publicly disclosed.

The SPO provides for the parties to designate materials produced in discovery as either "Confidential" or "Confidential – Attorneys' Eyes Only," limiting the public disclosure of this

material.  A party seeking to enforce a protective order must establish good cause to prohibit public access to documents produced in discovery.  *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004).  In this Court, an order to seal "shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."  Local Rule 5(e)(3).

Plaintiff seeks to redact portions of Ex. 7, which are its Responses to Defendants' Interrogatories.  Plaintiff's redactions to Ex. 7 are to the following:

- Discussions of wholesale prices for its products in its Response to Interrogatory No. 2;
- Its revenue information in its Response to Interrogatory No. 3; and
- Plaintiff's advertising, marketing, and promotional expenditures in its Response to Interrogatory No. 5.

For Ex. V, Plaintiff seeks to redact:

- Portions of an internal business plan that contains both sensitive financial information and business strategies.

Initially, all of this information was designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the SPO.  Further, good cause exists to seal the above information because it pertains to Plaintiff's internal business, including sensitive financial data relating to its expenses, cost of goods, and revenue.  Specifically, while the retail prices for Plaintiff's watch and jewelry products identified in its response to Interrogatory No. 2 are public, the discussion of wholesale prices is not and implicates Plaintiff's cost of goods, expenses, and profit margins for those products.  The financial information contained in Plaintiff's response to Interrogatory No. 5 implicates sensitive internal financial data along similar lines, with detailed

information on its advertising, marketing, and promotional expenses.  Further, the information detailed in its response to Interrogatory No. 3 contains proprietary and sensitive financial information on its revenue, which is derived from its yearly profit-and-loss statements and is not known to competitors.  Finally, the information on the second page of Ex. V is part of an internal, non-public business plan that details, in part, Plaintiff's commercial and business strategies.  All of this is non-public information and their public disclosure would likely cause irreparable harm to Plaintiff's competitive standing.  Indeed, this Court has acknowledged that information on Plaintiff's revenue and advertising expenses are "likely proprietary" and would be of interest to its competitors, and that the information in Ex. V "appears to contain proprietary strategic and financial information."  *See* Dkt. No. 189.  In this case, this Court has sealed similar internal commercial information, such as those for Defendants.  *See*, *e.g.*, Dkt. No. 187.

Plaintiff's request is also narrowly tailored.  It seeks only to seal those portions that relate specifically to internal non-public information that detail Plaintiff's internal financial data or non-public business strategies.  Plaintiff does not seek to seal information contained in these documents that is already public (such as retail prices for its products disclosed in Ex. 7).

Accordingly, good cause exists to seal the sensitive non-public information contained in the redacted portions of Ex. 7 and Ex. V and the redactions are narrowly tailored to serve those reasons.  Plaintiff respectfully moves for this Court maintain the redacted portions of these exhibits under seal.

Dated: October 4, 2021

    */s/ David L. Hecht*
David L. Hecht (*pro hac vice*)
Conor McDonough (*pro hac vice*)
Yi Wen Wu (*pro hac vice*)
Hecht Partners LLP
125 Park Avenue, 25th Floor
New York, NY 10017
P: (212) 851-6821
dhecht@hechtpartners.com
cmcdonough@hechtpartners.com
wwu@hechtpartners.com

Jeffrey W. Kennedy
Milano & Wanat LLC
471 East Main Street
Branford, CT 06405
P: (203) 315-7000
jkennedy@mwllc.us

*Counsel for Plaintiff Solid 21, Inc.*

## CERTIFICATE OF SERVICE

I, David L. Hecht, hereby certify that on October 4, 2021, I served a true and correct copy of the foregoing **PLAINTIFF SOLID 21, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL (DKT. NO. 124)** to counsel of record via electronic filing.

                                           */s/ David L. Hecht*
                                           David L. Hecht