UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SOLID 21, INC.,

     Plaintiff,

     v.

BREITLING U.S.A., INC.; BREITLING SA;
AND BREITLING AG,

     Defendants.

Civil Action No. 3:19-cv-00514-MPS

**PLAINTIFF SOLID 21, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR
RECONSIDERATION AND/OR FOR CERTIFICATION FOR INTERLOCUTORY
<u>APPEAL</u>**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ..........................................................................................................1

II.    LEGAL STANDARD ...................................................................................................2

III.   RECONSIDERATION IS UNWARRANTED BECAUSE THIS COURT CORRECTLY CONDUCTED ITS FAIR USE ANALYSIS ......................................................................4

IV.   THERE ARE NO GROUNDS TO JUSTIFY INTERLOCUTORY APPEAL...................8

V.     CONCLUSION ..........................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahrenholz v. Board of Trustees of the Univ. of Illinois*,
   219 F.3d 674 (7th Cir. 2000) ...................................................................................9

*Analytical Surveys, Inc. v. Tonga Partners*,
   684 F.3d 36 (2d Cir. 2012) ....................................................................................2, 3

*Appel v. Spiridon*,
   No. 3:06-cv-1177 (SRU), 2008 WL 11377645 (D. Conn. Dec. 16, 2008) ...........2, 3

*Baltas v. Rivera*,
   No. 3:19-cv-1043 (MPS), 2020 WL 6784261 (D. Conn. Nov. 18, 2020)................6

*Buckskin Realty Inc. v. Greenberg*,
   552 B.R. 40 (Bankr. E.D.N.Y. 2016) ...................................................................3

*Connecticut v. YP Advertising & Publishing LLC*,
   No. 3:16-cv-1424 (MPS), 2017 WL 1246333 (D. Conn. Apr. 3, 2017) ................7

*D'Amico Dry D.A.C. v. Primera Maritime (Hellas) Ltd.*,
   437 F. Supp. 3d 312 (S.D.N.Y. 2019) ...................................................................2

*Edible Arrangements, LLC v. Provide Commerce, Inc.*,
   No. 3:14-cv-00250 (VLB), 2016 WL 4074121 (D. Conn. July 29, 2016) .............5

*EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos*,
   228 F.3d 56 (2d Cir. 2000) ...................................................................................5, 7

*Grosz v. Museum of Modern Art*,
   772 F. Supp. 2d 473 (S.D.N.Y. 2010) ...................................................................6

*Hubbell, Inc. v. Pass & Seymour, Inc.*,
   No. 94 Civ. 7631 (RWS), 1995 WL 464906 (S.D.N.Y. Aug. 4, 1995) ................10

*In re Aggrenox Antitrust Litig.*,
   No. 3:14-md-02516 (SRU), 2018 WL 834228 (D. Conn. Feb. 12, 2018) .............4

*In re AroChem Corp.*,
   198 B.R. 425 (Bankr. D. Conn. 1996)...................................................................9

*In re City of New York*,
   607 F.3d 923 (2d. Cir. 2010) ................................................................................3

*In re Complete Retreats, LLC*,
　No. 3:07mc152 (SRU), 2008 WL 220752 (D. Conn. Jan. 23, 2008) ...................................... 11

*In re Salvatore*,
　No. 3:18-cv-1429 (SRU), 2019 WL 1284815 (D. Conn. Mar. 20, 2019) ................................ 3

*Jones v. American Council on Exercise*,
　C.A. H-15-3270, 2016 WL 6084636 (S.D. Tex. Oct. 18, 2016) .............................................. 5

*Kelly-Brown v. Winfrey*,
　717 F.3d 295 (2d. Cir. 2013) ........................................................................................... 7, 10

*Pods Enterprises, Inc. v. U-Haul Int'l, Inc.*,
　No. 8:12-cv-01479-T-27MAP, 2014 WL 12597067 (M.D. Fl. July 15, 2014) ........................ 5

*Range Rd. Music, Inc. v. Music Sales Corp.*,
　90 F. Supp. 2d 390 (S.D.N.Y. 2000) ..................................................................................... 3

*Richardson-Merrell, Inc. v. Koller*,
　472 U.S. 424 (1985) ............................................................................................................. 3

*Ruggeri v. Boehringer Ingelheim Pharms., Inc.*,
　585 F. Supp. 2d 308 (D. Conn. 2008) ................................................................................ 3, 4

*Schaefer v. General Elec. Co.*,
　No. 3:07-cv-858 (PCD), 2008 WL 11377712 (D. Conn. Apr. 29, 2008) .............................. 10

*Shrader v. CSX Transp., Inc.*,
　70 F.3d 255 (2d Cir. 1995) ................................................................................................... 2

*Solid 21, Inc. v. Breitling USA, Inc.*,
　512 F. App'x. 685 (9th Cir. 2013) ......................................................................................... 1

*Sports Auth., Inc. v. Prime Hospitality Corp.*,
　89 F.3d 955 (2d Cir. 1996) ................................................................................................... 7

*Sullivan v. Stein*,
　No. Civ. 3:03 CV 1203 MRK, 2004 WL 2750312 (D. Conn. Nov. 18, 2004) ........................ 2

*Traversa v. Education Credit Mgmt. Corp.*,
　386 B.R. 386 (Bankr. D. Conn. 2008) ................................................................................... 8

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
　956 F.2d 1245 (2d Cir. 1992) ............................................................................................... 2

*Whitnum v. Town of Woodbridge*,
　No. 3:17-CV-1362 (JCH), 2019 WL 1306082 (D. Conn. Mar. 22, 2019) ................... 2, 3, 6, 7

*Williston v. Eggleston*,
   410 F. Supp. 2d 274 (S.D.N.Y. 2006) ...............................................................................*passim*

**Statutes**

28 U.S.C. § 1292(b) ....................................................................................................................3, 8

**Rules**

Fed. R. Civ. P. 41(c) ......................................................................................................................10

LR 7(c)(1) .........................................................................................................................................2

**Other Authorities**

"Dispositive", Merriam-Webster.com. 2011.  https://www.merriam-webster.com/
   (Oct. 20, 2021) ...........................................................................................................................4

## I.     INTRODUCTION

Breitling's Motion for Reconsideration and/or for Certification for Interlocutory Appeal (Dkt. No. 195-1, *hereinafter* "Mot.") is the latest entry in a long line of delay tactics and sleight of hand that Breitling has attempted in this litigation.  Breitling's claim that this Court erred is demonstrably false – and twists the Court's words in its attempt to manufacture issues that do not exist (as it has repeatedly done with Solid 21 and its counsel).

Breitling's motion is not premised on any intervening controlling law or on any new evidence that came to light since it briefed its motion for summary judgment months prior to the close of fact discovery.  Rather, Breitling takes issue that this Court considered Solid 21's proffered evidence in concluding that a genuine dispute of material fact existed as to whether Breitling's use of Solid 21's RED GOLD® mark was "fair use."  But this Court relied on long-established authority in the Second Circuit in taking this evidence into account when deciding that the issue of "fair use" was more appropriately a question for the factfinder at trial. Breitling's reconsideration motion is nothing but a bald attempt at re-litigating its prematurely filed summary judgment motion.  But a reconsideration motion is not an invitation for a disappointed litigant to take another bite at the apple.[1]  Accordingly, this Court should deny Breitling's motion.

Breitling's alternative request – for this Court to certify an interlocutory appeal – is puzzling in that it attempts to raise issues of law that this Court never decided.  According to Breitling, this Court held that single factors – such as the existence of alternate terms other than

---

[1] Breitling has resisted taking this case to trial for nearly a decade.  When Solid 21 first sued Breitling in the Central District of California in 2011, Breitling moved to dismiss Solid 21's claims on the same grounds as its motion for summary judgment in this case.  Although the district court granted Breitling's motion, the Ninth Circuit reversed and remanded the case.  *Solid 21, Inc. v. Breitling USA, Inc.*, 512 F. App'x. 685, 686–87 (9th Cir. 2013).  It is high time that Solid 21 get its day in court.

"Red Gold" that Breitling could have used in its advertisements – completely barred the application of the fair use defense.  But that is incorrect – this Court never held that the fair use defense was barred.  Rather, this Court merely held that disputed issues of material fact existed and that the fair use defense should be decided at trial.

Breitling completely fails to satisfy the strict requirements necessary to justify a reconsideration and an interlocutory appeal, and accordingly this Court should deny Breitling's motion in its entirety.

## II.    LEGAL STANDARD

"[T]he standard for granting a motion for reconsideration is strict."  *Sullivan v. Stein*, No. Civ. 3:03 CV 1203 MRK, 2004 WL 2750312, at *1 (D. Conn. Nov. 18, 2004) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); LR 7(c)(1).  "Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision."  *Whitnum v. Town of Woodbridge*, No. 3:17-CV-1362 (JCH), 2019 WL 1306082, at *2 (D. Conn. Mar. 22, 2019) (citing *Analytical Surveys, Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012)); LR 7(c)(1).  The three grounds generally justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Appel v. Spiridon*, No. 3:06-cv-1177 (SRU), 2008 WL 11377645, at *1 (D. Conn. Dec. 16, 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  Whether to grant or deny such a motion "rests within the sound discretion of the district court."  *D'Amico Dry D.A.C. v. Primera Maritime (Hellas) Ltd.*, 437 F. Supp. 3d 312, 314 (S.D.N.Y. 2019).

"A motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at

the apple.'" *Whitnum*, 2019 WL 1306082, at *2 (quoting *Analytical Surveys*, 684 F.3d at 52).

Accordingly, "[s]uch motions must be narrowly construed and strictly applied in order to

discourage litigants from making repetitive arguments on issues that have been thoroughly

considered by the court." *Appel*, 2008 WL 11377645, at *1 (quoting *Range Rd. Music, Inc. v.

Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)).

When it comes to interlocutory appeals, while a party must ordinarily raise all appealable

claims in a single appeal from a final judgment, 28 U.S.C. § 1292(b) creates a "rare exception to

the final judgment rule" and allows a district judge to certify an interlocutory appeal of an order.

*Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 429-30 (1985). Under 28 U.S.C. § 1292(b), a

district court is granted discretion to certify an order for interlocutory appeal when the order

involves: 1) controlling question(s) of law, 2) as to which there is substantial ground for a

difference of opinion, and 3) that an immediate appeal from this order may materially advance

the ultimate termination of the litigation. *Ruggeri v. Boehringer Ingelheim Pharms., Inc.*, 585 F.

Supp. 2d 308, 310 (D. Conn. 2008). Interlocutory appeals are appropriate only where all three of

these elements are present. *See Williston v. Eggleston*, 410 F. Supp. 2d 274, 276-77 (S.D.N.Y.

2006) (noting that decisions granting interlocutory appeals always cite all three elements present)

(citations omitted).

Even if these criteria are met, however, a district court has "unfettered discretion to deny

certification of an order for interlocutory appeal." *In re Salvatore*, No. 3:18-cv-1429 (SRU),

2019 WL 1284815, at *1 (D. Conn. Mar. 20, 2019) (quoting *Buckskin Realty Inc. v. Greenberg*,

552 B.R. 40, 44 (Bankr. E.D.N.Y. 2016)); *see also In re City of New York*, 607 F.3d 923, 933

(2d. Cir. 2010) (whether to certify an order for interlocutory appeal "is entirely a matter of

discretion for the District Court"). Indeed, interlocutory appeals are disfavored and a party

seeking such an appeal must demonstrate "exceptional circumstances" justifying it. *Ruggeri*, 585 F. Supp. 2d at 310 (citing *Williston*, 410 F. Supp. at 276); *see also In re Aggrenox Antitrust Litig.*, No. 3:14-md-02516 (SRU), 2018 WL 834228, at *1 (D. Conn. Feb. 12, 2018) (party seeking certification "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted") (citation omitted); *Williston*, 410 F. Supp. 2d at 276 (circumstances must be sufficiently exceptional to overcome the policies of avoiding piecemeal litigation and postponing appellate review until after a final judgment) (citations omitted).

## III.   RECONSIDERATION IS UNWARRANTED BECAUSE THIS COURT CORRECTLY CONDUCTED ITS FAIR USE ANALYSIS

Breitling acknowledges that their reconsideration motion is not based on new facts. Mot. at 7. Nor do they identify any change in controlling law. Thus, their only ground for reconsideration is that this Court clearly erred in finding that there were genuine issues of disputed fact with respect to two of the three elements of the fair use defense: "descriptive use" and "good faith." This the Court did not do.

At the outset, Breitling twists this Court's decision in trying to find error. Despite Breitling's claims, this Court did not find any particular fact to be "dispositive."[2] *See, e.g.*, Mot. at 8 ("the Court applied another, discretionary factor which the Court misconstrued as dispositive" in its descriptive use analysis), 9 ("the Court erroneously converted the discretionary factor of the existence of alternative terms into a dispositive element"). Rather, the Court found that a dispute of material fact existed and that a reasonable juror could find in favor of Solid 21 on the fair use defense – not that any particular fact decided the issue in favor of one party or another. *See* Dkt. No. 191 at 26 ("There are disputes of material fact as to fair use."). Thus,

---

[2] A fact is dispositive when it settles a legal issue or claim. *Merriam-Webster*, "dispositive," available at https://www.merriam-webster.com/dictionary/dispositive (last visited Oct. 20, 2021).

Breitling's contention that any of this is "dispositive" betrays a complete misunderstanding of what occurs on a summary judgment motion.

Breitling also fails to point to any error that this Court committed in its analysis of the "descriptive use" element of the fair use defense.  In finding there were genuine disputes of material fact with respect to "descriptive use," this Court correctly followed the Second Circuit's guidance in *EMI* and analyzed a number of factors, including the nature of the "Red Gold" use in advertisements as well as the existence of available alternative terms.  Dkt. No. 191 at 24-25 (citing *EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos*, 228 F.3d 56, 65 (2d Cir. 2000)).  Indeed, the court in *EMI* did the very same thing in finding that the existence of alternative terms to "Swing Swing Swing" to describe the action of using a golf club was a factor in concluding that there existed a material issue of fact as to whether the use of this phrase was descriptive.  *See EMI*, 228 F.3d at 65-66.  Numerous other courts have done the same.  *See, e.g.*, *Edible Arrangements, LLC v. Provide Commerce, Inc.*, No. 3:14-cv-00250 (VLB), 2016 WL 4074121, at *14 (D. Conn. July 29, 2016) (availability of terms other than the asserted mark raised material issue of fact as to whether fair use defense applied); *Jones v. American Council on Exercise*, C.A. H-15-3270, 2016 WL 6084636, at *20-21 (S.D. Tex. Oct. 18, 2016) (same); *Pods Enterprises, Inc. v. U-Haul Int'l, Inc.*, No. 8:12-cv-01479-T-27MAP, 2014 WL 12597067, at *3 (M.D. Fl. July 15, 2014) (same).  This Court's analysis is in line with well-established authority.

Rather than identify any error, Breitling merely exhorts this Court to replace its analysis with one of Breitling's own: by considering only those factors which it believes favors Breitling and ignore all those that do not.  *See* Mot. at 12 (Breitling stating that after only looking at factors which it believes to be in its favor, "[t]he analysis should have ended there, as there is no

requirement that there be a finding that no alternative term exists").  Not only would Breitling's slanted approach be error in itself, but it falls far short of what is necessary to grant a reconsideration motion.  Instead of identifying any authority which indicates that this Court could not consider the existence of alternative terms as a factor in its analysis, Breitling merely urges this Court to arrive at a different conclusion.  But a reconsideration motion is not a vehicle for re-arguing a decided motion.  *See Baltas v. Rivera*, No. 3:19-cv-1043 (MPS), 2020 WL 6784261, at *2 (D. Conn. Nov. 18, 2020) (Shea, J.) (impermissible to relitigate claim on a motion for reconsideration); *Whitnum*, 2019 WL 1306082, at *2 (reconsideration motion not a vehicle to relitigate decided issues or otherwise taking a second bite at the apple) (citation omitted); *Grosz v. Museum of Modern Art*, 772 F. Supp. 2d 473, 492 (S.D.N.Y. 2010) (reconsideration motion is not a substitute for appeal) (citation omitted).

.Breitling's criticism of this Court's analysis of the "good faith" element of the fair use defense fails to satisfy the strict reconsideration standard for similar reasons.  Rather than identify any error committed by this Court, Breitling merely criticizes this Court's consideration of Solid 21 and Breitling advertising in the same publications as evidence suggestive of bad faith such that summary judgment is inappropriate.  Mot. at 13-15.  Namely, Breitling brings up things such as whether the parties advertised RED GOLD® in the exact same issue or the exact same year.  *Id.*  But what Breitling raises as "errors" really go to the weight of the evidence, which is more appropriately decided by the factfinder and in which the Court is supposed to draw all inferences in favor of the nonmovant on summary judgment, Solid 21 (which this Court did).  More fatally, Breitling never previously argued the impact of the parties advertising in the same publications.  *See* Dkt. No. 107-1 at 20-23 (argument entirely absent from Breitling's opening summary judgment brief); Dkt. No. 127 at 10 (also absent from its reply brief).  A

reconsideration motion is not the place to be arguing this for the first time.  *Connecticut v. YP Advertising & Publishing LLC*, No. 3:16-cv-1424 (MPS), 2017 WL 1246333, at *1 (D. Conn. Apr. 3, 2017) (Shea, J.) (on a reconsideration motion, a party may not advance new facts, issues, or arguments not previously presented) (citations omitted).  The remainder of Breitling's justifications for reconsideration on the "good faith" element are merely rehashes of what they previously argued and are likewise disallowed on a reconsideration motion.  *See* Mot. at 16-18 (Breitling rehashing its earlier argument that it used "Red Gold" along with its own marks, in a descriptive manner).[3]

This Court faithfully followed the Second Circuit's guidance in that the fair use defense is generally not ripe for disposition on summary judgment.  *See EMI*, 228 F.3d at 67-68 (good faith element of fair use defense goes to defendants' intent and is a question best left for the factfinder) (citing *Sports Auth., Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 964 (2d Cir. 1996)).  Breitling's reconsideration motion highlights this.  But not only is a reconsideration motion not the place to relitigate factual disputes, other considerations further counsel against granting Breitling's motion.  To the extent this Court overlooked any data, reconsideration is appropriate only where such oversight "would reasonably be expected to alter the court's decision."  *Whitnum*, 2019 WL 1306082, at *2.  Here, there is no expectation that this Court's decision that the fair use defense should be decided at trial would change.  At this stage Breitling bears the burden of proving *all three elements of the fair use defense as a matter of law*, *Kelly-*

---

[3] Breitling also misunderstands the law with respect to the "good faith" element of the fair use defense.  It is not Solid 21's burden to prove that Breitling's use was in bad faith; rather, it is Breitling's burden to prove this element of the fair use defense.  *See Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013) (burden is on defendant to prove all three elements of fair use defense).  Solid 21's "bad faith" evidence is only necessary to rebut any showing of "good faith" by Breitling, which this Court found sufficient to render summary judgment inappropriate.  Dkt. No. 191 at 26.

*Brown*, 717 F.3d at 308, and thus would need to show that this Court committed error in both the "descriptive use" and "good faith" elements such that there is no dispute of material fact with respect to any of these elements.  If there is a dispute of material fact with any *one* of these elements, the fair use defense is unresolvable on summary judgment and therefore the Court's decision would necessarily stand.

Lastly, there is no manifest injustice to prevent here.  The only result from this Court's summary judgment ruling is that the case will go to trial – this is hardly an injustice.  *See* Dkt. No. 191 at 26 (trial is necessary to resolve the question of fair use).  At this stage, no party has prevailed on the merits, and Breitling will be able to present its fair use defense to a jury at trial.

## IV.     THERE ARE NO GROUNDS TO JUSTIFY INTERLOCUTORY APPEAL

Like its reconsideration motion, Breitling's request for interlocutory appeal also misconstrues this Court's decision in framing its questions for appeal.  The three "issues of law" that Breitling identifies for appeal (Mot. at 19) are anything but, and assuredly fail to satisfy 28 U.S.C. § 1292(b)'s requirement that the issues to be appealed are "controlling questions of law."

The first issue that Breitling poses for interlocutory appeal – "whether the existence of an alternative term precludes application of the fair use defense" (Mot. at 19) – is merely a hypothetical.  This Court did not hold that an alternative term precludes the fair use defense. Rather, all it decided was that the existence of alternative terms was a factor in determining that a genuine dispute of material fact existed as to the "descriptive use" element of the fair use defense.  Dkt. No. 191 at 24-25.  Far from precluding the fair use defense, this Court merely concluded that it was more appropriate for a jury to decide this question.  This is not a "controlling question of law."  *Traversa v. Education Credit Mgmt. Corp.*, 386 B.R. 386, 389 (Bankr. D. Conn. 2008) (no "controlling question of law" where court concluded that the factual record was insufficient to resolve an issue as a matter of law on summary judgment).

Breitling's second issue – "whether the mere existence of the plaintiff's trademark registration constitutes constructive knowledge of the plaintiff's mark that bars application of the fair use defense" (Mot. at 19) – suffers from the same shortcoming.  Again, this Court never held that the fair use defense was barred.  It merely found that, among other things, Breitling advertising in the same publications as Solid 21 using the "Red Gold" mark was a consideration in concluding that it was inappropriate to determine the issue of "good faith" on summary judgment.  Dkt. No. 191 at 26.

The third issue – "whether publication of advertisements using the same mark in the same magazine, but years apart, constitutes *per se* evidence of bad faith to negate the application of fair use" (Mot. at 19) – also cannot be a controlling question of law as the Court never decided this.  Again, the court left the question of good (or bad) faith to the jury to decide.  Dkt. No. 191 at 26.  This third issue is further problematic in that it would force an appeals court to make factual determinations, such as whether the parties' use of "Red Gold" was ever in the same magazine issue and, if not, how much time there was in between each publication.  However, an appeals court should only look at a pure question of law in an interlocutory appeal and should not be forced to review the record in order to make any factual determinations.  *Williston*, 410 F. Supp. 2d at 276 ("'question of law' must refer to a 'pure' question of law that the reviewing court 'could decide quickly and clearly without having to study the record'") (quoting *Ahrenholz v. Board of Trustees of the Univ. of Illinois*, 219 F.3d 674, 676-77 (7th Cir. 2000)).  This further counsels against certifying such a question for interlocutory appeal.

Breitling must also demonstrate that there exists a substantial ground for a difference of opinion on the controlling question(s) of law.  But they have not even attempted to do so.  *See In re AroChem Corp.*, 198 B.R. 425, 427 (Bankr. D. Conn. 1996) (no substantial ground for

difference of opinion where movant fails to cite to any countervailing authority).  Instead of

citing authority that might call into question this Court's decision, the only "difference of

opinion" they cite is their own.  *See* Mot. at 19-20 (Breitling stating that "[t]o the extent that the

Court does not agree with Breitling's analysis of the law as applied to these issues, there would

necessarily be a substantial ground for the Court's difference in opinion.").  But the mere fact

that a party disagrees with this Court's decision does not "constitute a 'difference of opinion'

sufficient to warrant certification."  *Williston*, 410 F. Supp. 2d at 277 (citing *Hubbell, Inc. v.*

*Pass & Seymour, Inc.*, No. 94 Civ. 7631 (RWS), 1995 WL 464906, at *2 (S.D.N.Y. Aug. 4,

1995)); *see also Schaefer v. General Elec. Co.*, No. 3:07-cv-858 (PCD), 2008 WL 11377712, at

*2 (D. Conn. Apr. 29, 2008) ("A 'substantial ground for difference of opinion' cannot be

grounded merely in a claim that the Court's decision was wrong.") (citations omitted).  After all,

to hold otherwise would eviscerate the "difference of opinion" requirement as every dissatisfied

litigant necessarily disagrees with a court's decision.

      With respect to the third prong, an immediate appeal would fail to materially advance the

ultimate termination of the litigation.  For one thing, a decision on Breitling's fair use defense at

this stage would have no impact on Breitling's counterclaims that the RED GOLD® mark is

invalid.  *See* Dkt. No.16 at 11-12, Dkt. No. 35 at 11-12 (Breitling's invalidity counterclaims).[4]

The fair use defense only applies to negate trademark infringement claims, *see Kelly-Brown*, 717

F.3d at 305, but has no impact on trademark invalidity.  Similarly, fair use would have no impact

on Solid 21's causes of action that are not trademark infringement.  *See* Dkt. No. 1 at 10, 13 (for

example, Solid 21's Fifth and Eighth Causes of Action).  Moreover, the issues that Breitling

---

[4] Breitling cannot voluntarily dismiss its counterclaims as the time to do so is long past.  *See* Fed.
R. Civ. P. 41(c).

wishes to certify for appeal relate only to two of the three fair use defense elements ("descriptive use" and "good faith").  Were Breitling to prevail on these two elements, Solid 21 would likely cross-appeal on the third element ("trademark use").  Certifying issues for interlocutory appeal that relate only to two of the three elements of the fair use defense – the resolution of which would not even dispose of all claims in this litigation – would result in exactly the sort of piecemeal litigation that courts seek to avoid.  *See Williston*, 410 F. Supp. 2d at 276 (aversion to piecemeal litigation) (citation omitted).[5]

Finally, there is nothing exceptional here that would justify appealing a non-final judgment.  These are essentially fact-specific issues – whether Breitling's accused infringing uses constitute fair use.  Breitling is merely a dissatisfied litigant that wishes to avoid trial – hardly grounds that constitute an "exceptional" case sufficient to justify an interlocutory appeal.

## V.    CONCLUSION

Rather than identify any error this Court committed, Breitling's motion is merely one made by a dissatisfied litigant that wishes to re-argue already-decided issues.  But that is not what a reconsideration motion is for, nor is it grounds sufficient to justify an interlocutory appeal.  Thus, Breitling's motion should be denied in its entirety.

Dated: October 20, 2021

 /s/ David L. Hecht
David L. Hecht (*pro hac vice*)
Conor McDonough (*pro hac vice*)
Yi Wen Wu (*pro hac vice*)
Hecht Partners LLP
125 Park Avenue, 25th Floor
New York, NY 10017
P: (212) 851-6821
dhecht@hechtpartners.com

---

[5] Because reversal of this Court's fair use decision would not terminate the litigation, the issue is also not a "controlling question of law."  *See In re Complete Retreats, LLC*, No. 3:07mc152 (SRU), 2008 WL 220752, at *2 (D. Conn. Jan. 23, 2008).

cmcdonough@hechtpartners.com
wwu@hechtpartners.com

Jeffrey W. Kennedy
Milano & Wanat LLC
471 East Main Street
Branford, CT 06405
P: (203) 315-7000
jkennedy@mwllc.us

*Counsel for Plaintiff Solid 21, Inc.*

## CERTIFICATE OF SERVICE

I, David L. Hecht, hereby certify that on October 20, 2021, I served a true and correct copy of the foregoing **PLAINTIFF SOLID 21, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND/OR FOR CERTIFICATION FOR INTERLOCUTORY APPEAL** to counsel of record via electronic filing.

*/s/ David L. Hecht*
David L. Hecht