**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SOLID 21, INC., : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. NO. 3:19-CV-00514-MPS |
| : | |
| BREITLING U.S.A., INC.; BREITLING SA; : | |
| AND BREITLING AG, : | |
|     Defendants. : | |
| : | |

**DEFENDANTS AND COUNTERCLAIMANTS BREITLING U.S.A., INC. AND BREITLING SA'S (a/k/a BREITLING AG) REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION**

Pursuant to Loc. R. Civ. 7(d), Defendants and Counterclaimants Breitling U.S.A., Inc. and Breitling SA (a/k/a Breitling AG) (collectively, "Breitling") respectfully submit their instant reply in support of their Motion for Reconsideration. ECF No. 195.

**I.      INTRODUCTION**

Plaintiff Solid 21, Inc.'s ("Plaintiff") opposition, ECF No. 199, fails to substantively rebut Breitling's arguments that the Court should reconsider its Ruling denying Breitling's Motion for Summary Judgment on its fair use defense to correct a clear error or prevent manifest injustice. Plaintiff does not offer any case law for the proposition that the absence of alternative terms is dispositive—which is how the Court treated this factor, particularly in light of its findings in favor of Breitling— in the analysis of the "descriptive sense" element of fair use.  Plaintiff does not contradict Breitling's argument that such analysis would overwhelmingly bar the fair use defense and overturn virtually every descriptive fair use decision—clear error that would result in manifest injustice.  And, Plaintiff offers no evidence upon which the Court could rely to establish a dispute of material fact about Breitling's good faith use where no evidence has been submitted to the Court that Breitling had knowledge of Plaintiff's Mark prior to Breitling's use of the term "red gold" at

1

least as early as 2010.  Thus, the Court's correct application of the factors for the "descriptive sense" element and review of the facts actually submitted at the summary judgment stage would reasonably alter the conclusion reached by the Court and the Court should ultimately conclude that no dispute of material fact exists as to Breitling's fair use defense.

In the alternative, the Court should grant Breitling's request for interlocutory appeal. Breitling's request satisfies the three statutory criteria: (1) the Court ruled on the three legal questions presented in Breitling's Motion, (2) Breitling's Motion cites to authority from which there is a substantial ground for difference of opinion with the Court's Ruling, and (3) granting summary judgment on Breitling's fair use defense would terminate all of Plaintiff's claims as they are grounded in trademark infringement and, therefore, Breitling's invalidity counterclaim would be moot.  Plaintiff's opposition merely mischaracterizes or misstates Breitling's motion to argue otherwise.

## II. ARGUMENT

### A. Reconsideration of the Court's Ruling Denying Summary Judgment on Breitling's Fair Use Defense Would Correct a Clear Error and Prevent Manifest Injustice.

#### 1. *There is No Dispute of Material Fact as to the "Descriptive Sense" Factor Where the Absence of Alternative Terms is Considered as a Factor Rather Than Dispositive of the Analysis.*

Plaintiff's argument mischaracterizes Breitling's descriptive sense argument and therefore fails to respond.  Plaintiff twists Breitling's motion with rhetoric arguing that the Court *cannot* analyze alternative terms as a *factor* for the second prong of a fair use analysis.  But that is not what Breitling argues; rather, Breitling's point is that the Court incorrectly analyzed the absence of alternative terms as a necessary and dispositive factor in its fair use analysis.  After concluding all factors appear to fall in favor of fair use, the Court nonetheless relied on *EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos Inc.*, 228 F.3d 56, 65 (2d Cir. 2000), which itself cited to

the *Restatement (Third) of Unfair Competition* for the proposition that alternative terms should be considered by the Court in determining whether use if fair use. Specifically: "the absence of alternative terms capable of adequately describing the pertinent characteristic is also relevant in assessing the commercial justification for the use and hence the scope of permissible fair use." *Restatement (Third) of Unfair Competition* § 28 cmt. c (emphasis added) (cited in *EMI Catalogue P'ship*, 228 F.3d at 65). Thus, while it is true that the absence of alternative terms may be a relevant factor, the inverse is not true (there is no law that supports the proposition that the *existence* of alternative terms compel against a finding of fair use).

The Court did find that the standard factors for a descriptive use analysis were in Breitling's favor. ECF No. 191 at 24 ("These factors all indicate that Breitling's use is descriptive."). Therefore, its opposite conclusion that there was a dispute of material fact as to whether there were alternative terms for "red gold" reflected the Court's assumption that the existence of alternative terms was dispositive of the fair use defense. This conclusion is contrary to the standard in the Second Circuit and Plaintiff provides no case law that the absence of alternative terms may be a dispositive factor in the Court's analysis or is even a relevant consideration in this case. *See e.g.*, *Kelly-Brown v. Winfrey*, 95 F. Supp. 3d 350, 365 (S.D.N.Y. 2015), *aff'd* on other grounds, 659 F. App'x 55 (2d Cir. 2016) (finding fair use, and regarding the descriptive sense element, examining factors such as the historical use of the phrase by others, and "numerous recent examples of the phrase's use in the media," along with how defendant "uses the phrase descriptively," but making no mention of whether an alternative term could be used).

In the only in-Circuit case Plaintiff cites, ECF 199 at 10, the *Edible Arrangements* Court did not analyze the "descriptive sense" element as separate from the "good faith" element. Instead, it combined the evidence of alternative terms with evidence of bad faith. *Edible Arrangements,*

3

*LLC v. Provide Commerce, Inc.*, CIVIL ACTION NO. 3:14-CV-00250 (VLB), 2016 WL 4074121, at *14 (D. Conn. July 29, 2016).  Ultimately, though, the *Edible Arrangements* Court's analysis did not support its decision with the possible existence of alternative terms.  Instead, the court placed considerable weight on the disputed evidence of bad faith, which, as set forth below, is not present in this case.  *Id.* (basing its denial of the motion for summary judgment on the "material issue of fact as to whether Provide's use of the phrase 'edible fruit arrangements' was truly descriptive and in good faith" and not whether alternative terms existed).

Finally, Plaintiff does not address Breitling's argument that the outcome of the standard the Court applied would result in a bar to the fair use defense in almost every instance.  *See* ECF No. 195-1 at 10.  The Court's reconsideration and granting summary judgment in Breitling's favor would correct that clear error and prevent manifest injustice.

> **2.    There is No Dispute of Material Fact as to the "Good Faith" Element Where the Alleged Fact Does Not Establish Breitling's Knowledge Prior to Breitling's First Use of the Term.**

The Court's error in its good faith analysis is not one of weight of the evidence, but rather the complete absence of evidence.  The Court's good faith analysis ignores Second Circuit precedent.  The "Second Circuit 'has never held adoption of a mark with no knowledge of a prior similar mark to be in bad faith, even in the total absence of a trademark search.'"  *De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate, Inc.*, 440 F. Supp. 2d 249, 278 (S.D.N.Y. 2006) (citing *Star Industries, Inc. v. Bacardi & Co. Ltd.*, 412 F.3d 373, 389 (2d Cir. 2005)).

The Court did not find a dispute of facts material to the determination of Breitling's knowledge of Plaintiff's Mark prior to Breitling's use of the term "red gold".  The only fact that the Court points to in support of its conclusion that a dispute of material fact exists on the issue of bad faith is that Plaintiff "has submitted evidence suggesting that Breitling began advertising in the same publications as Solid 21 using the 'Red Gold' mark." ECF No. 191 at 26.  It is undisputed

that Breitling has used the term "red gold" as a descriptor of the material of Breitling's watches at least as early as <u>2010</u>.  ECF No. 195-1 at 14 (citing ECF No. 107-9 at 2-100, ECF No. 107-4 at 34).  Plaintiff cannot dispute that Breitling used the term "red gold" at least as early as 2010 because Plaintiff asserted trademark infringement claims against Breitling in a lawsuit filed on December 22, 2010.  ECF No. 107-39.  As stated in Breitling's motion, and not disputed by Plaintiff's opposition, the only publication Plaintiff offered as evidence that is identified in the Ruling is a <u>2011</u> *International Watch* advertisement.  ECF No. 195-1 at 14 ("As to *International Watch*, Solid 21's earliest advertisement was in 2011 (citations omitted).").  The Court therefore did not point to any evidence that Breitling had knowledge of Plaintiff's Mark <u>prior</u> to Breitling's use of the term "red gold".  The Court therefore lacks any evidence to base its decision that there is a dispute of material fact to deny summary judgment.  *De Beers LV Trademark Ltd.*, 440 F. Supp. 2d at 278; *Star Industries, Inc.*, 412 F.3d at 389 (refusing to find a dispute of material fact as to bad faith where there was no evidence that defendant had knowledge of a prior similar mark notwithstanding the absence or allegedly flawed trademark search).

        **B.**        **Granting Summary Judgment on Fair Use is Supported.**

Contrary to Plaintiff's assertions, there are numerous cases in which district courts have granted summary judgment on the fair use defense and numerous cases where such ruling was upheld by the Second Circuit.  *See* ECF No. 195-1 at 10 n.2 (citing *Western Pub. Co., Inc. v. Rose Art Industries, Inc.*, 733 F. Supp. 698 (S.D.N.Y. 1990), order aff'd on other grounds, 910 F.2d 57 (2d Cir. 1990) (descriptive use was not a trademark use even where defendant put a "TM" after use of the composite MAGNETIC GOLDEN SLATE containing the descriptive term GOLDEN); *Kelly-Brown*, 95 F. Supp. 3d at 364 (dismissing all claims on summary judgment, in part based on fair use defense); *Wonder Labs, Inc. v. Procter & Gamble Co.*, 728 F. Supp. 1058 (S.D.N.Y. 1990) (summary judgment for defendant; fair use of plaintiff's trademark DENTIST's CHOICE for

5

toothbrushes); *Western Publishing Co.*, 733 F. Supp. 698 (no infringement of plaintiff's mark GOLDEN for children's books and toys); *Andy Warhol Enterprises, Inc. v. Time, Inc.*, 700 F. Supp. 760 (S.D.N.Y. 1988) (no infringement of the title mark INTERVIEW for a magazine); *Patou, Inc. v. Jacqueline Cochran, Inc.*, 201 F. Supp. 861 (S.D.N.Y. 1962), aff'd, 312 F.2d 125 (2d Cir. 1963) (held to be a use in a descriptive, primary sense, not in a trademark, secondary sense, and hence not an infringement of the "descriptive" mark JOY for perfume); *Charles of Ritz Group, Ltd. v. Marcon, Ltd.*, 635 F. Supp. 158 (S.D.N.Y. 1986) ("Silken Rose" held not an infringement on cosmetic trademark SILK. "The word "silk," however, appears in ordinary print, [in the junior user's uses] and the word never appears by itself. It is always used as one of several words designating color, *e.g.*, "Watersilk Pink" or "Silken Rose."")). Plaintiff's assertion that the factfinder necessarily must determine fair use, ECF No. 199 at 7, goes against the ample authority that Breitling cites. *See* ECF No. 199 at 7. Further, Plaintiff does not assert any authority for the proposition that the issue of good faith, in the absence of evidence of knowledge preceding use of a term, should go to the factfinder.

    **C.**    **Certification of an Interlocutory Appeal is Appropriate.**

In contesting Breitling's request for certification for interlocutory appeal, Plaintiff mischaracterizes and misstates Breitling's arguments. Breitling's motion satisfies the three statutory requirements for certifying the order for interlocutory appeal.

    *1.*    *The Legal Questions are Controlling as the Court Did Make Such Rulings.*

As to the first statutory requirement—"involves controlling question of law"—Plaintiff incorrectly asserts that the three legal questions Breitling raised in its Motion were not ruled upon. ECF No. 199 at 13-14. In fact, the Court did rule on those legal issues; Plaintiff merely mischaracterizes the rulings and Breitling's legal questions.

The Court ruled on the first legal question regarding the effect of the existence of an alternative term in the Court's Ruling at ECF No. 191 at 24-25.  Breitling addressed the Ruling in its Motion at ECF No. 195-1 at 8.

The Court ruled on the second legal question regarding constructive knowledge of Plaintiff's trademark by concluding that there was a dispute of material fact, but identifying no evidence of Breitling's actual knowledge of the Mark preceding its use of the term "red gold" at least as early as 2010.  Therefore, the Court must have either made a mistake in its ruling or based its ruling on the date of Plaintiff's trademark registration that the Court deemed as constructive knowledge.  *See* ECF No. 191 at 25-26.  Plaintiff's opposition suggests a similar reading.  *See* ECF No. 199 at 14 ("It merely found that, among other things, Breitling advertising in the same publications as Solid 21 using the "Red Gold" mark was a consideration…").  Breitling addressed the Ruling in its Motion at ECF No. 195-1 at 14-15.

The Court ruled on the third legal question regarding constructive knowledge of an advertisement in the Court's Ruling at ECF No. 191 at 26.  Breitling addressed the Ruling in its Motion at ECF No. 195-1 at 13-14.  Breitling argued that the only evidence the Court pointed to regarding knowledge was the *International Watch* advertisements, but that there was no evidence probative of Breitling's actual or constructive knowledge of the "Red Gold" trademark prior to its use. Instead, the evidence established that Breitling began using the "red gold" term at least as early as 2010, before Plaintiff advertised in *International Watch* in 2011.  The Court nevertheless found a dispute of material fact as to constructive knowledge due to Breitling advertising in *International Watch* in 2012, without any evidence of Breitling's knowledge of the "Red Gold" trademark prior to its use at least as early as 2010.  Thus, Breitling has satisfied the first statutory requirement for requesting an interlocutory appeal.

> ### *2. Breitling's Motion Addressed the Difference of Opinions between the Court's Cited Law and the Correct Analysis and Applicable Law to the Legal Questions.*

Plaintiff incorrectly asserts that Breitling did not address the second element for certifying an interlocutory appeal—"as to which there is a substantial ground for difference of opinion." ECF No. 199 at 14-15. Not so. Breitling addressed this prong by stating it "has asserted throughout this motion its reasoned position on these issues," ECF No. 195-1 at 20, specifically the following incorrect analysis by the Court and applicable law:

With regard to the first legal question, Breitling's Motion cited to *EMI Catalogue P'ship*, *Kelly-Brown*, and the Restatement as differing legal analysis from that employed by the Court in its Ruling. ECF No. 195-1 at 8-12 (citing to and analyzing *EMI Catalogue P'ship.*, 228 F.3d 56, *Kelly-Brown*, 95 F. Supp. 3d 350, *Restatement (Third) of Unfair Competition* § 28 cmt. c). Those authorities make clear that the absence of an alternative term may be a relevant factor, but is not dispositive of the analysis for "descriptive sense." *Id.*

With regard to the second legal question, Breitling's Motion cited to *New York City Triathlon* to contradict the Court's implicit reliance of the trademark registration date. ECF No. 195-1 at 15-16 (citing to *New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305 (S.D.N.Y. 2010)). That authority makes clear that good faith is not put into question by the mere fact that a defendant is aware of the trademark.

With regard to the third legal question, Breitling's Motion cited to authority holding that circumstantial evidence without more is insufficient to defeat summary judgment. ECF No. 195-1 at 17-18 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), *James v. Otis Elevator Co.*, 854 F.2d 429 (11th Cir. 1988)). The Court's Ruling relied on circumstantial evidence of an advertisement that was published at least a year after Breitling began to use the term "red gold."

Thus, Breitling has satisfied the second statutory requirement for requesting an interlocutory appeal.

### 3. *Granting Summary Judgment on Breitling's Fair Use Defense Would Materially Advance the Termination of the Litigation.*

Plaintiff misunderstands the standard when it asserts that summary judgment on the issue of fair use defense would not completely terminate the litigation. ECF No. 199 at 15. Instead, the third element states that the appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (emphasis added). Immediate termination is not a requirement. Nevertheless, summary judgment on fair use would terminate the litigation.

Without any legal support, Plaintiff asserts that "fair use would have no impact on Solid 21's causes of action that are not trademark infringement." ECF No. 199 at 15. Fair use is a defense to all Lanham Act claims, including false description (Plaintiff's Fifth Cause of Action). *Something Old, Something New, Inc.*, No. 98 Civ. 7450 SAS, 1999 WL 1125063, at *6 (S.D.N.Y. Dec. 8, 1999) ("If fair use is found, it is an absolute defense to Lanham Act liability"). Plaintiff's characterization of its trademark infringement claim as unfair competition under Connecticut law does not change the analysis. *Verilux, Inc. v. Hahn*, No. 3:05CV254(PCD), 2007 WL 2318819, at *10 (D. Conn. Aug. 10, 2007) ("The test for trademark infringement and unfair competition under Connecticut law is identical to the test under the Lanham Act."). Once the Court grants summary judgment on Breitling's fair use defense and all of Plaintiff's claims are thereby dismissed, Breitling's invalidity counterclaim is rendered moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 100, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (where the only legally cognizable injury, that the trademark holder would take steps to enforce its trademark, ceases to exist, a claim of trademark invalidity is rendered moot). Therefore, granting summary judgment on Breitling's fair use defense would terminate the litigation.

Thus, Breitling has satisfied the third statutory requirement for requesting an interlocutory appeal. The Court should accordingly grant Breitling's request and certify its Ruling for interlocutory appeal.

## III. CONCLUSION

For the reasons set forth in Breitling's Motion for Reconsideration of Order Denying Defendants' Motion for Summary Judgment, and/or for Certification for Interlocutory Appeal and as set forth in this reply brief, Breitling respectfully requests that this Court grant its motion and grant its Motion for Summary Judgment as to their fair use defense, or in the alternative, certify the issues for interlocutory appeal.

Dated: October 26, 2021               Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By  */s/ Thomas C. Blatchley*
    Thomas C. Blatchley (ct25892)
    Craig J. Mariam (*pro hac vice*)
    Hazel Mae B. Pangan (*pro hac vice*)
    Julia K. Whitelock (*pro hac vice*)
    95 Glastonbury Blvd., Ste. 206
    Glastonbury, CT 06033
    Phone: (860) 494-7525
    Fax: (860) 560-0185
    Email: tblatchley@grsm.com
    Attorneys for Defendants and
    Counterclaimants Breitling U.S.A., Inc. and
    Breitling SA (a/k/a Breitling AG)

**CERTIFICATION OF SERVICE**

      I hereby certify that on October 26, 2021, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

      By  */s/ Thomas C. Blatchley*
          Thomas C. Blatchley (ct25892)
          Attorneys for Defendants and
          Counterclaimants Breitling U.S.A., Inc. and
          Breitling SA (a/k/a Breitling AG)