# Exhibit 1

**VIA E-MAIL**
April 2, 2021

Honorable Michael P. Shea
United States District Court, District of Connecticut
450 Main Street, Room 217
Hartford, CT 06103

**RE:** **Discovery Dispute in *Solid 21, Inc. v. Breitling U.S.A., Inc. et al.*, No. 3:19-cv-00514-MPS**

Dear Judge Shea,

  The parties' dispute at issue is Defendants' refusal to produce certain categories of "communications" documents, which include e-mails, messages, memorandums, and the like. Plaintiff certifies that it met and conferred with Defendants on March 22, 2021 via telephone in a good faith effort to resolve this dispute. There, Defendants admitted that they not only failed to produce such communications, but revealed they never even conducted a search. Defendants stated that 1) they never agreed to produce such documents, 2) they would be prejudiced by such production, 3) this dispute is untimely, and 4) there is no ESI protocol in place to enable such production. Each are addressed below.

  **The relevant background is as follows.** Plaintiff served Defendants with RFPs on August 20, 2019. Defendants responded on October 11, 2019. *See* Ex. A (excerpts of Breitling U.S.A., Inc.'s ("BUSA") Responses) and Ex. B (excerpts of Breitling SA's ("BSA") Responses). In early 2020, the case schedule was extended and this case was effectively put on hold for external reasons: counsel for both parties were due to begin trial in another case involving the same RED GOLD® trademark at issue here, along with the outbreak of COVID-19. *See* Dkt. Nos. 63, 71. In December 2020, Plaintiff replaced its counsel. *See, e.g.*, Dkt. Nos. 93, 99-101. From that point, the case proceeded expeditiously.

  On January 29, 2021, the parties met and conferred regarding several discovery issues, including scheduling depositions and further document production. Plaintiff raised a number of deficiencies, including that Defendants had produced no e-mails to date. Defendants indicated they would investigate. Plaintiff followed up with an e-mail summary of this call. When Plaintiff took depositions of Defendants' witnesses in March, they testified that while they were tasked with searching for documents to produce in this litigation, they did not (nor were they asked to) search for communications such as e-mails. Upon learning this, Plaintiff raised this deficiency again with Defendants on March 18. The parties conferred on March 22, failed to resolve this dispute, and called chambers on March 30.

  **Defendants argue that they never agreed to produce communications in their RFP responses.** But Rule 34(b)(2)(C) states that, in objecting to a document production request, an "objection must state whether any responsive materials are being withheld on the basis of that objection." Defendants' response to RFP No. 1 includes a litany of boilerplate responses, but failed to specify that they withheld any responsive materials based on any objection. *See, e.g.*, Ex. A at 8.[1] As such, they are obligated to produce responsive documents, including e-mails. *See Williams v. Rushmore Loan Management Services, LLC*, No. 3:15-cv-673(RNC), 2016 WL 7374545, at *1 (D. Conn. Feb. 5,

---

[1] BSA's response to RFP No. 1 is identical to BUSA's response. Ex. B at 8. While RFP Nos. 2-15 and 17-21 also seek "communications," Plaintiff believes that RFP No. 1 sufficiently encompasses this dispute as it seeks communications using the term "Red Gold" or RED GOLD®, the trademark at issue.

Honorable Michael P. Shea
April 2, 2021
Page 2

2016); *Fischer v. Forrest*, 14 Civ. 1304 (PAE) (AJP), 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). Further, Defendants' actions belie any suggestion that they never agreed to produce these documents. Defendants indicated during the January 29, 2021 meet-and-confer that they would investigate the issue of whether there were responsive e-mails. During the March 22, 2021 meet-and-confer, Defendants also admitted that they produced other "communications" responsive to RFP No. 1, such as advertisements.

**Compelling Defendants to produce these documents will confer no undue prejudice.** First, it is not prejudicial to ask Defendants to produce what they should have produced in the first instance. Second, any production will have no effect on the case schedule. There is no trial date set, Defendants have already filed their motion for summary judgment (Dkt. Nos. 107, 123, 127), and Plaintiff is prepared to move for its own such motion regardless of this production. To the extent Defendants believe it is prejudicial to require additional depositions arising from this production, this is incorrect because 1) this is speculative as Plaintiff cannot know whether it will seek further depositions without reviewing these documents, 2) this problem is of their own making, and 3) any inconvenience, if any, will be slight as every deposition in this case has been taken on Zoom from the comfort of everyone's homes. Conversely, it is Plaintiff who is prejudiced by the lack of any e-mails because such evidence speaks directly to the merits of the case. Indeed, e-mails and other internal communications are often the best source of evidence, as plainly indicated when one of Defendants' witnesses testified he knew of at least one unproduced internal memorandum that discussed Plaintiff's RED GOLD® trademark.

**Plaintiff timely raised this dispute.** Plaintiff first raised this issue with Defendants during their January 29, 2021 meet-and-confer. Plaintiff has acted in good faith and given Defendants the opportunity to correct this deficiency. Indeed, Defendants continually produced documents through the end of discovery in March 2021 to address other deficiencies that Plaintiff raised. Plaintiff discovered for the first time that Defendants would outright refuse to search for and produce certain categories of communications (like e-mails) while deposing Defendants' witnesses in March. This would later be confirmed by Defendants' counsel during the March 22, 2021 meet-and-confer, when counsel admitted for the first time that they did not search for and would not produce those documents.

**Defendants' claim that the lack of an ESI protocol precluded them from knowing what to search for, where to look, or what electronic format to use is unconvincing.** The parties agreed to an ESI protocol in their joint 26(f) Report. Dkt. No. 53 at 12. Indeed, Defendants produced many electronic documents in this case without issue, which clearly shows that they know exactly what to produce and how to produce it when they wish. Defendants' claim that they would not know what search terms to use is also unavailing because they produced documents in this case showing which search terms they used for other categories of documents (including "Red Gold," "Redgold," "Rot Gold" ("Red Gold" in German) and other logical search terms where the trademark at issue is RED GOLD®).

Plaintiff respectfully requests that the Court compel Defendants to search for and produce communications (including e-mails) responsive to RFP No. 1. Plaintiff is available to argue or brief this.

Sincerely,

 /s/ David L. Hecht
David L. Hecht, *Counsel for Plaintiff Solid 21, Inc.*