**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SOLID 21, INC.,<br>        Plaintiff,<br><br>v.<br><br>BREITLING U.S.A., INC.; BREITLING SA;<br>AND BREITLING AG;<br>        Defendants. | C.A. NO. 3:19-CV-00514-MPS |

### DEFENDANT BREITLING U.S.A., INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant BREITLING U.S.A., INC. ("Responding Party") responds to the First Set of Interrogatories of Plaintiff Solid 21, Inc. ("Plaintiff"), as follows:

1.      Responding Party's responses are made to the best of its present knowledge, information and belief.  Said responses are at all times subject to additional or different information that discovery or further investigation may disclose and, while based on the present state of Responding Party's recollection, are subject to refreshing of such recollection with such additional knowledge or facts that may result from further discovery or investigation.  Responding Party reserves its right to make any use of, or to introduce at any hearing and at trial, information responsive to these discovery requests that is discovered subsequent to the date of these responses, including, but not limited to, any information obtained and discovered herein.

2.      Responding Party reserves all objections as to the confidentiality, relevance, materiality, privilege or admissibility as evidence, in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, of these responses and any documents or things identified in these responses.

3.      Responding Party reserves the right to object on any ground at any time to such

to perform all necessary flight calculations, including average speed, distance traveled, fuel consumption, rate of climb or descent, and conversion of miles to kilometers or nautical miles. Over time, and building on a heritage spanning more than a century, Breitling's clientele continues to include those seeking Swiss-made precision watch instruments and multifunctional professional timepieces with an array of special features, as well as those seeking luxury high-quality Swiss-made timepieces that are stylish, sporty, and functional, and available in a variety of materials, including precious metals and gems.  Other than watches denominated as "men's" or "women's" watches, Breitling does not specifically "target" clientele based on "income level, nationality, race, ethnicity, age, and sex."

**Interrogatory No. 8:**

Identify each use of the term "red gold" by or on behalf of Defendant in any marketing, promotion, and/or advertising material in connection with Defendant's Accused Products from January 1, 2006 to the present, and identify the Bates number of each document evidencing this.

**Response to Interrogatory No. 8:**

Responding Party objects on the basis that this interrogatory is vague, ambiguous, impermissibly overbroad, and unduly burdensome.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

An answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's records, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Responding Party specifies the following records which have already been produced and from which an answer to this interrogatory may be obtained:

documents Bates stamped B000001 through B001052 (catalogs); B001053 through B001143 (press releases); B001147 through B001206 (print advertisements); B0016399 through B0016509 (press releases); B0016510 through B0016560 (advertisements and advertising guidelines); B0016561 through B0016758 (catalogs); and B0016759 through B0017536 (catalogs, press releases, social media, and other marketing materials).

**Interrogatory No. 9:**

(a) State the dollar amount that Defendant has spent each year from January 1, 2006 to the present on marketing, promotion, and/or advertising; (b) the dollar amount attributed each year to the Accused Products; and (c) identify the Bates numbers of documents evidencing subpart (b).

**Response to Interrogatory No. 9:**

Responding Party objects to this interrogatory on the basis that it is compound and contains multiple discrete subparts, and Plaintiff thus violates the numerical limit on interrogatories.  Fed. R. Civ. P. 33(a)(1).

Responding Party also objects to this interrogatory as it calls for expert testimony as to attribution of expenses to the Accused Products.

Responding Party further objects on the basis that this interrogatory is vague, ambiguous, impermissibly overbroad, disproportionate to the needs of the case, and unduly burdensome.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, an answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's business records (including electronically stored information) in Responding Party's production of documents.