UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOLID 21, INC., <br><br> Plaintiff, <br><br> v. <br><br> BREITLING U.S.A., INC.; BREITLING SA; AND BREITLING AG, <br><br> Defendants. | Civil Action No. 3:19-cv-00514-MPS |

**PLAINTIFF SOLID 21, INC.'S BRIEF REGARDING APPLICABILITY OF FAIR USE RULING ON REMAINING CLAIMS**

**Oral Argument Requested**

i

**I.     INTRODUCTION**

Plaintiff Solid 21, Inc. ("Plaintiff" or "Solid 21") submits this brief in response to the Court's December 10, 2021 Order (Dkt. No. 205) addressing "whether the Court should or should not grant summary judgment for all remaining claims" in light of its fair use ruling on that same day (Dkt. No. 204). While fair use is a defense to trademark infringement, and many of Solid 21's claims are directed to trademark infringement, the Fifth and Eight Causes of Action are also directed to false advertising. Dkt. No. 1 at 10-11, 13. The fair use defense has no bearing on false advertising claims, and therefore the Court's summary judgment ruling on fair use should not extend to such claims.

**II.    FAIR USE IS NOT A DEFENSE TO FALSE ADVERTISING**

Solid 21's Fifth Cause of Action alleges false description under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Dkt. No. 1 at 10-11. Section 1125(a) implicates two types of claims for misleading commercial conduct: one for "unfair competition" or "consumer confusion" (15 U.S.C. § 1125(a)(1)(A), a.k.a. "Section A"), and one for "false advertising" (15 U.S.C. § 1125(a)(1)(B), a.k.a. "Section B"). *See In re Connecticut Mobilecom, Inc.*, No. 02-12725 REG, 02-02519 WHP, 2003 WL 23021959, at *8-9 (S.D.N.Y. Dec. 23, 2003). Section A "is intended to prevent confusion, mistake, or deception regarding the source of goods or services," *i.e.*, trademark infringement. *See id.* at 8 (citation omitted). In contrast, Section B "is intended to prevent confusion, mistake, or deception regarding the characteristics or qualities of goods or services," *i.e.*, false advertising. *See id.* at 9 (citation omitted).

Fair use is only a defense to trademark infringement under the Lanham Act. *See Cosmetically Sealed Indus., Inc. v. Chesebrough-Pond's USA Co.*, 125 F.3d 28, 30 (2d Cir. 1997) ("Fair use is a defense to liability under the Lanham Act even if a defendant's conduct would otherwise constitute infringement of another's trademark."); *Kelly-Brown v. Winfrey*, 717 F.3d

1

295, 308 (2d Cir. 2013) (recognizing fair use as a defense to a trademark infringement claim); *EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos*, 228 F.3d 56, 64 (2d Cir. 2000) ("The fair use doctrine permits use of a protected mark by others to describe certain aspects of the user's own goods."). Indeed, 15 U.S.C. § 1115(b)(4), which sets forth the three elements of the fair use defense (use made 1) other than as a mark, 2) in a descriptive sense, and 3) in good faith), makes clear that its applicability is towards trademark infringement. *See* 15 U.S.C. § 1115(b)(4) ("the use of the name, term, or device charged to be an infringement …").

In contrast, false advertising does not involve trademarks, and instead is concerned with redressing false or misleading statements or representations. *See Sussman-Automatic Corp. v. Spa World Corp.*, 15 F. Supp. 3d 258, 269-70 (E.D.N.Y. 2014) (setting forth the elements of false advertising under the Lanham Act). It would thus make no sense to apply a defense to trademark infringement, and that implicates trademarks as part of its elements, to claims that do not involve trademarks. *See Mannatech, Inc. v. Glycobiotics Int'l, Inc.*, No. 3-06-CV-0471-BD, 2008 WL 918311, at *2 (N.D. Tex. Mar. 13, 2008) (while nominative fair use may be a defense to an unfair competition claim, it is not a defense to a false advertising claim).

To the extent Breitling attempts to stretch language from other cases to suggest that the fair use defense should extend to *all* Lanham Act claims (*see* Dkt. No. 203 at 9), these cases all make clear that they apply the fair use defense in a trademark infringement context, not in a false advertising one. *See, e.g.*, *Something Old, Something New, Inc. v. QVC, Inc.*, No. 98 Civ. 7450 SAS, 1999 WL 1125063, at *6 (S.D.N.Y. Dec. 8, 1999) (noting that fair use is an "absolute defense to Lanham Act liability, *'even if a defendant's conduct would otherwise constitute infringement of another's trademark'*") (citation omitted) (emphasis added).

### III. FALSE ADVERTISING IMPLICATES THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

The Eighth Cause of Action raises claims under the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S.A. § 42-110b. Dkt. No. 1 at 13. A Lanham Act violation is a per se violation of CUTPA. *Indiaweekly.com, LLC v. Nehaflix.com, Inc.*, 596 F. Supp. 2d 497, 506 (D. Conn. 2009) (citing *Pfizer, Inc. v. Miles, Inc.*, 868 F. Supp. 437, 442 (D. Conn. 1994)). Because fair use is inapplicable to Section 43(a) false advertising claims under the Lanham Act, it too is inapplicable to those same claims under CUTPA.

### IV. THE COURT'S FAIR USE RULING WAS MADE ON A NONEXISTENT RECORD

In addition to the inapplicability of fair use on false advertising claims, there is another reason that the Court should not extend its ruling to such claims: the ruling was made without the benefit of a developed factual record. As Solid 21 explained in its Motion for Reconsideration, Breitling filed its summary judgment motion while there had barely been any discovery conducted. Dkt. No. 206 at 3-4. Indeed, most discovery, including almost all depositions and the vast majority of document production, had only been completed long after the summary judgment motion was briefed. *Id.* To extend this ruling based on a sparse record "would clearly not serve the truth-seeking function of discovery." *Grumman Aerospace Corp. v. Titanium Metals Corp. of America*, 91 F.R.D. 84, 88 (E.D.N.Y. 1981). This is especially true where, as here, a party attempted to hide evidence from the Court (and its adversary). *See* Dkt. No. 206 at 3-4.

Even on such a limited factual record, however, there is still clear evidence that Breitling made the sorts of "false or misleading representations" proscribed by Section 43(a). *See Sussman-Automatic Corp.*, 15 F. Supp. 3d at 269-70 (representation is false or misleading if the advertisement is literally false or likely to mislead or confuse customers). Namely, Breitling advertises their watches as "Red Gold" even though they are actually made of "Rose Gold." An

3

example can be found in Breitling's summary judgment submission, where they pulled a website capture on October 8, 2020 showing a Navitimer watch with unique reference number U17395211A1U1 advertised as "Rose Gold."  See Dkt. No. 107-22 at 1.  That same watch, with the same appearance and unique reference number (U17395211A1U1), is today[1] advertised as "Red Gold":

| Dkt. No. 107-22 at 1 | Website Capture of U17395211A1U1 on December 27, 2021 |
|---|---|
|  |  |

---

[1] Website captured on December 27, 2021, available at https://www.breitling.com/us-en/search/all/?q=U17395211A1U1.

4

This is exactly the sort of misleading advertisement that Section 43(a) was designed to curb, and for which there is no fair use defense. *See Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 256-57 (2d Cir. 2014) (defendant liable for false advertising under Section 43(a) by misrepresenting its product descriptions).

## V.   CONCLUSION

The fair use defense is inapplicable to false advertising claims and thus there is no reason to extend the Court's ruling on the former to the latter. This is especially true in view of the nearly nonexistent factual record upon which the summary judgment record rests. Thus, Solid 21 respectfully requests that the Fifth and Eighth Causes of Action move forward to trial.

.

Dated: December 27, 2021

      /s/ David L. Hecht
David L. Hecht (*pro hac vice*)
Conor McDonough (*pro hac vice*)
Yi Wen Wu (*pro hac vice*)
Hecht Partners LLP
125 Park Avenue, 25th Floor
New York, NY 10017
P: (212) 851-6821
dhecht@hechtpartners.com
cmcdonough@hechtpartners.com
wwu@hechtpartners.com

Jeffrey W. Kennedy
Milano & Wanat LLC
471 East Main Street
Branford, CT 06405
P: (203) 315-7000
jkennedy@mwllc.us

*Counsel for Plaintiff Solid 21, Inc.*

## **CERTIFICATE OF SERVICE**

I, David L. Hecht, hereby certify that on December 27, 2021, I served a true and correct copy of the foregoing **PLAINTIFF SOLID 21, INC.'S BRIEF REGARDING APPLICABILITY OF FAIR USE RULING ON REMAINING CLAIMS** to counsel of record via electronic filing.

                                                    _/s/ David L. Hecht_
                                                    David L. Hecht