**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SOLID 21, INC., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. NO. 3:19-CV-00514-MPS |
| | : | |
| BREITLING U.S.A., INC.; BREITLING SA; | : | |
| AND BREITLING AG, | : | |
|     Defendants. | : | |
| | : | |

**DECLARATION OF HAZEL MAE B. PANGAN IN SUPPORT OF DEFENDANTS'**
**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

I, Hazel Mae B. Pangan, hereby declare pursuant to 28 U.S.C. § 1746 that:

1. I am over the age of eighteen and make this declaration based on personal knowledge, except those matters stated on information and belief, and, as to those matters, I believe them to be true. If called as a witness, I could and would competently testify to the same. Any report, compilation, or document relied upon me in this declaration were created, made and maintained in the regular course of business, at or near the time of the act, condition or event so referenced.

2. I am an attorney licensed to practice in the State of California and a Partner with the law firm Gordon Rees Scully Mansukhani, LLP, counsel for Defendants and Counterclaimants Breitling U.S.A., Inc., Breitling SA (a/k/a Breitling AG) (collectively, "Breitling") in the above-captioned case. I have been admitted to practice before this Court *pro hac vice*.

3. On June 11, 2021, Breitling produced a supplemental production of documents that largely consisted of approximately fourteen years (pursuant to the Magistrate's order of production defining the relevant time period as 2006 to the filing of the Complaint in this case in 2019 (*see*

Dkt. No. 153)) of daily sales and inventory lists and in-store customer traffic reports from U.S.-based Breitling stores and distributors.

4. Plaintiff seems to have created Exhibit 5 to Plaintiff's Motion for Reconsideration ("Plaintiff's Motion") by excerpting language from a Microsoft Excel spreadsheet, Bates stamped B028952, which is a document Plaintiff has had in its possession since at least as early as June 2021. However, the complete text and corresponding headers were not included in what was presented to this Court. They are as follows:

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Date de contact | Code | Channel | Contact reason | Product | Question |
| 298 | 06/06/2019 | 14099 | Phone/UK | 02 - Product information/Product Documentation (Care Instruction, guarantee..) | 01 - Navitimer 1 | The customer is ringing in regards to a Navitimer automatic 38 sttel et rose gold He wants the code |

5. Attached hereto as **Exhibit A** is a true and correct copy of excerpts of the transcript of the April 19, 2021 hearing before Magistrate Judge S. Dave Vatti in this case. The excerpts contain bracketing and highlighting of the cited portions for the Court's ease of reference.

6. On October 19, 2019, Breitling served its answers to interrogatories, an excerpt of which is included as Exhibit 11 to Plaintiff's Motion.

7. On December 7, 2020, Breitling produced its customer-facing October 2020 "Chronolog" product catalog, an excerpt of which is included as Exhibit 7 to Plaintiff's Motion.

8. On approximately February 10, 2021, Plaintiff served the expert report of Duvall O'Steen, an excerpt of which is included as Exhibit 9 to Plaintiff's Motion.

9. On March 2, 2021, Plaintiff produced an article on hashtag marketing dated June 25, 2020, which is included as Exhibit 10 to Plaintiff's Motion.

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 7, 2022.

_____
Hazel Mae B. Pangan