# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

```
 1                  UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF CONNECTICUT
 2
                                      )
 3    SOLID 21, INC.,                 )   No. 3:19-CV-00514-MPS
                                      )   915 Lafayette Blvd.
 4                  vs.               )   Bridgeport, Connecticut
                                      )
 5    BREITLING USA, INC., et al.     )   April 19, 2021
                                      )
 6              TRANSCRIPT OF DISCOVERY CONFERENCE

 7              BEFORE THE HONORABLE S. DAVE VATTI
                  UNITED STATES DISTRICT JUDGE
 8
      APPEARANCES:
 9    For the Plaintiff:     YI WEN WU, ESQ.
                             Pierce Bainbridge Beck Price & Hecht
10                           LLP
                             277 Park Avenue, 45th Floor
11                           New York, NY 10172
                             DAVID HECHT, ESQ.
12                           Hecht Partners LLP
                             125 Park Avenue, 25th Floor
13                           New York, NY 10017
                             JEFFREY WILLIAM KENNEDY, ESQ.
14                           Milano & Wanat LLC
                             471 E. Main St.
15                           Branford, CT 06405

16    For the Defendants:    HAZEL MAE B. PANGAN, ESQ.
                             Gordon & Rees
17                           101 West Broadway, Ste 200
                             San Diego, CA 92101
18                           THOMAS C. BLATCHLEY, ESQ.
                             Gordon & Rees LLP
19                           95 Glastonbury, Blvd.
                             Glastonbury, CT 06033
20                           JULIA KIM WHITELOCK, ESQ.
                             Gordon Rees Scully Mansukhani, LLP
21                           1101 King Street, Suite 520
                             Alexandria, VA 22314
22
                       Aliza Blumenfeld, CET-634
23                         eScribers, LLC
                          352 Seventh Avenue
24                           Suite #604
                          New York, NY 10001
25                          (973) 406-2250
```

2

Colloquy

(10:02 O'CLOCK, A.M.)

```
 1                    (10:02 O'CLOCK, A.M.)
 2             (Audio starts mid-sentence)
 3             THE COURT:  -- and I understand there's a discovery
 4   dispute.  I've read the letter briefs.  One of the initial
 5   questions I had, in reviewing the docket, is whether -- and it
 6   appears the answer maybe yes, but maybe you can all clarify it
 7   for me -- does the discovery issue that's raised in the letter
 8   briefs also dovetail with the motions to modify the scheduling
 9   order, which has yet to be ruled upon?
10             MR. WU:  Your Honor, this is Wen Wu for plaintiff.
11   It does not dovetail.  The plaintiffs do not -- in the request
12   to produce the certain documents that email that plaintiff
13   seeks, we do not seek also to extend the schedule in
14   conjunction with that.
15             Now, that's a separate request that is still pending
16   before Judge Shea, and that relief may or may not be granted.
17   But the -- our position that this production will not affect
18   the case schedule in any way.  Summary judgment is --
19   dispositive motions are due this Wednesday.  Defense have
20   already filed their motion.
21             As far as plaintiffs go, we do not believe that -- we
22   were going to file our motion regardless of whether any
23   production is made.  So we don't believe that this will affect
24   the case schedule in any way.
25             THE COURT:  Okay.  Does Defense want to be heard on
```

1  have taken place beforehand.  And the fact that this would
2  effectively extend the discovery schedule, we think it is
3  simply untrue.  So to the extent that any additional
4  depositions are required, we don't know yet.  We just don't
5  know yet at this point.
6          THE COURT:  Well, here's my thought on that.
7  Obviously, the discovery dispute that's raised in the letter
8  briefs has been referred to me by Judge Shea.
9          But in addition to that, Judge Shea has indicated to
10 me that if I feel that good cause and standards of diligence
11 have been satisfied, then I have the discretion to extend the
12 discovery deadlines as well.
13         So maybe the word "dovetail" maybe wasn't the right
14 word to use.  I'll adopt Attorney Pangan's reference to
15 whether it "indirectly affects the schedule".  And I guess
16 what I'm trying to get at is, if I were to rule in the
17 plaintiff's favor on the discovery dispute and order Breitling
18 USA and the Breitling entities to engage in determining what
19 responsive documents exist and in what form and -- that an ESI
20 protocol has to be formulated, search terms need to be
21 formulated, and I -- and we find out what responsive documents
22 exist, do I not effectively have to extend the discovery
23 deadlines in order for the plaintiff to evaluate whatever
24 responsive documents are produced, evaluate whether that
25 necessitates any further fact discovery, and evaluate whether

1    that, in some way, is going to affect whatever reports the
2    experts have prepared or are going to prepare and how that
3    might also affect summary judgment issues?
4             So that's why I'm asking whether the ruling on the
5    discovery dispute is also going to affect in some way the
6    schedule.
7             MR. WU:  I can respond to that, Your Honor.  As far
8    as certain specific issues like expert reports, we do not
9    anticipate that any additional production of such emails would
10   affect expert reports whatsoever.  Our experts are likely not
11   relying on these things, and the likely experts that would
12   have relied upon them would have been our damages expert who
13   had -- and we've already deposed witnesses who did produce
14   documents to that effect.
15            So we're not -- we're comfortable in saying that we
16   don't believe any expert discovery would be affected by any
17   such production.
18            As far as summary judgment goes, we also don't think
19   that would indicate issues.  As we've discussed earlier,
20   Defense have already filed their summary judgment motion many
21   months ago.  And Plaintiffs are prepared to file our motion
22   regarding any such production, because we don't believe our
23   motion will be affected by any production of this -- these
24   types of emails or internal communications.
25            So as far as those two categories go, we don't

C E R T I F I C A T I O N

    I, Aliza Blumenfeld, Official Court Transcriber for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of the proceedings in the aforementioned matter to the best of my skill and ability.

Date: July 1, 2021

*[signature]*

---

ALIZA BLUMENFELD, CET-634

eScribers, LLC
352 Seventh Avenue, Ste. #604
New York, NY 10001
(973)406-2250
operations@escribers.net