UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOLID 21, INC.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>BREITLING U.S.A., INC.; BREITLING SA; AND BREITLING AG,<br><br>　　Defendants. | Civil Action No. 3:19-cv-00514-MPS |

**PLAINTIFF SOLID 21, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION
<u>FOR RECONSIDERATION</u>**

**Oral Argument Requested**

I.      INTRODUCTION

The Court should restore its initial fair use decision due to the **incontrovertible evidence not previously before the Court** raised in Solid 21's motion for reconsideration.  This evidence shows that Breitling has used the term "Red Gold" in connection with a watch made of "Rose Gold" and that, in doing so, admitted that "Red Gold" is a misleading descriptor of such a watch.  A side-by-side comparison of advertisements reveals that Breitling is wrong when it claims that "at no time has Plaintiff presented evidence that Breitling has ever used the term 'red gold' for a watch made of 4N gold (rose gold)."  Dkt. No. 212 ("Opp.") at 17.  The evidence is in clear, living color: two ads for the same exact watch, one using "Red Gold" and the other using "Rose Gold."  Accordingly, a genuine issue of material fact exists as to whether Breitling has used "Red Gold" descriptively.

Breitling's opposition is nothing but table-pounding and outright deception, including the above false statement.  It has the gall to falsely suggest that Solid 21 failed to seek leave to supplement the summary judgment record once this Court compelled Breitling to produce documents that it had *improperly withheld*.  But Solid 21 moved for exactly such relief nearly *half a year* before Breitling finally produced these documents and within *days* of Breitling's premature summary judgment motion.  Breitling moved for summary judgment too early.  Now it seeks to sweep Solid 21's motion pursuant to Rule 56(d)(2) under the rug.

Breitling's opposition similarly fails to rebut the facts uncovered by discovery *after* Breitling's summary judgment motion briefing.  Namely, that Breitling misleadingly uses the phrase "Red Gold" to "describe" its products that are actually "rose gold."  This is evidenced by Breitling's alternating use of both phrases on the same exact product at different times, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  This misleading use of a registered trademark in no way qualifies as a

"descriptive use" under the fair use analysis. Indeed, its rebuttal consists entirely of attorney argument and lacks a scintilla of evidentiary support to contradict the facts uncovered by Solid 21, much less eliminate any genuine dispute of material fact.

In a further act of "table pounding," Breitling makes a series of misstatements that Solid 21 is compelled to correct: that Solid 21 stated that it did not need additional discovery to respond to Breitling's summary judgment motion (absolutely untrue), that Breitling's belated production was somehow justified or voluntary (this Court held that its withholding was unjustified and ***compelled*** production), and twisting the nature of Solid 21's representation by its counsel.

## II. SOLID 21 SOUGHT A SUMMARY JUDGMENT BRIEFING BASED ON A COMPLETE FACTUAL RECORD EARLY ON

Breitling claims that Solid 21 was not diligent in raising the need to include additional discovery that postdated Breitling's summary judgment motion. Opp. At 15-16. This is pure gaslighting. Solid 21 could not have been ***more*** diligent. Within days of Breitling's summary judgment filing (on January 5, 2021, Dkt. No. 107), Solid 21 filed a motion (on January 15, 2021, Dkt. No. 115) to postpone briefing until after the close of discovery pursuant to, among others, Fed. R. Civ. P. 56(d)(2). Solid 21 foresaw the issues that would inevitably arise with Breitling's premature motion, namely that most discovery had not even been completed at that point. *See, e.g.*, Dkt. No. 115 at 7-9. In fact, Solid 21 later discovered that Breitling had intentionally withheld the bulk of its document production. *See* Dkt. No. 206 ("Mot.") at 3-4. Breitling's opposition conveniently ignores this Rule 56(d)(2) motion entirely.

Solid 21's motion was pending until September 27, 2021, when the Court denied it as moot. Dkt. No. 191. This was appropriate at the time, as the Court ruled in Solid 21's favor on summary judgment on the fair use issue on that same day. There was thus no need to postpone or conduct additional briefing and the case would proceed with Solid 21 preparing for mediation and, if

2

unsuccessful, for trial. *See* Dkt. No. 192. Breitling's premature filing of its summary judgment motion did not become an issue again until this Court reconsidered its original summary judgment decision on fair use on December 10, 2021. *See generally* Dkt. No. 204. Thus, the summary judgment motion was reconsidered on an incomplete record.

### III. EVIDENCE BREITLING WAS COMPELLED TO PRODUCE SHEDS NEW LIGHT ON FAIR USE

Breitling points to only one piece of evidence cited in Solid 21's reconsideration motion that was produced prior to January 2021: a catalog showing Breitling's usage of "Red Gold" and "Rose Gold" in advertising its watches. *See* Opp. at 14 (identifying Exhibit 7 (Dkt. No. 206-8) to Solid 21's motion as produced prior to January 2021). Breitling then mischaracterizes that evidence as "old." Solid 21 provided this information to the Court as background and to put into context the late-produced evidence that drives the point home. Solid 21 went on to introduce numerous instances of new evidence that was produced by Breitling only after this Court compelled it to do so.

The Court's analysis overturning at least part of its decision on summary judgment was based on images Breitling submitted with its summary judgment motion (Dkt. No. 107-22), which led to the flawed conclusion that Breitling consistently used "Red Gold" to describe watches that appeared in a particular hue, and consistently used "rose gold" to describe watches that appeared in a particular but different hue. Dkt. No. 204 at 8-9. Solid 21 has now showed this to be **false**. Breitling has used the phrase "rose gold" and "Red Gold" with the same exact model number of the same watch. These images are reproduced side-by-side below:

3



Mot. at 7-11 (emphasis added to the same model number and two different phrases used).[1] The Court's reconsideration decision was based, at least in part, on this erroneous representation. *See* Dkt. No. 204 at 9 (the Court concluding that "these side-by-side images from the same webpage of

---

[1] Notably, Breitling's opposition provides no explanation as to why the same exact watch model with the same exact reference number has been advertised as "Red Gold" at certain times and "rose gold" at other times.

4

Breitling's website make clear that [Breitling] was using "red gold" to describe a different hue from "rose gold"). Bizarrely, the very website linked in Breitling's briefing (which apparently used "Rose Gold" when Breitling captured the image for its briefing) **now** uses the phrase "Red Gold." *See* Mot. at 8-11. This calls into question what exactly Breitling is attempting in using "Red Gold" – a triable issue of material fact that is directly relevant to any fair use defense.

[redacted]

▬ – then when Breitling uses "Red Gold" to market a watch that it considers to be made of "rose gold" material, Breitling *is not accurately and fairly describing its product*. Accordingly, Breitling's use cannot be considered fair. Identical to the situation in *Edible Arrangements*, this is what that court calls "descriptively misleading." *Edible Arrangements, LLC v. Provide Commerce, Inc.*, No. 14-CV-00250 (VLB), 2016 WL 4074121, at *14 (D. Conn. July 29, 2016). ▬

▬ *See* Mot. at 5-6. It is telling that Breitling's opposition fails to cite to *any* evidence refuting this. It instead relies solely on attorney argument and blanket assertions citing no evidence. *See* Opp. at 17-18.

Thus, on the "descriptive use" element of the fair use analysis, there is not just the fact that Breitling had alternative terms available to it other than "Red Gold." But also, like *Edible Arrangements*, there is also a clear question of fact as to whether Breitling is truthfully and fairly describing its products when it calls its "rose gold" watches by the moniker that is the subject of Solid 21's registered trademark: RED GOLD®.

## IV. BREITLING'S OPPOSITION PUTS FORTH NUMEROUS MISSTATEMENTS

Additionally, Breitling's opposition is filled with numerous misstatements, which Solid 21 is compelled to address.

---



### A. SOLID 21 NEVER REPRESENTED THAT IT DID NOT NEED ADDITIONAL DISCOVERY FOR BREITLING'S SUMMARY JUDGMENT MOTION

Breitling disingenuously asserts that Solid 21's counsel stated that additional discovery was not needed for the parties' summary judgment motions, including Breitling's, during hearings for Solid 21's motion to compel discovery. Opp. at 6-7. This clearly misrepresents statements by counsel. What Solid 21's counsel actually represented was its belief that additional discovery would not affect **Solid 21's** summary judgment motion (Dkt. No. 147), **not** Breitling's. *See, e.g.*, Dkt. No. 212-2 at 5:21-24 ("And Plaintiffs [sic] are prepared to file **our** [summary judgment] motion regarding [sic – should be "regardless of"] any such production, because we don't believe **our** motion will be affected by any production of this – these types of emails or internal communications.") (emphasis and corrections added). This followed because Solid 21's summary judgment motion was focused solely on Breitling's affirmative defense and counterclaims: the validity of the RED GOLD® trademark. Dkt. No. 147 at 1. Indeed, Magistrate Judge Vatti (during the April 27, 2021 Discovery Conference regarding Solid 21's motion to compel Breitling's document production) clearly understood why additional discovery would not impact Solid 21's summary judgment motion – because it was directed solely to Breitling's trademark invalidity defense and counterclaims:

> The Court:   Well, I did – I did consider that because I did see the flurry of filings that occurred, and I did look at their summary judgment motions. And had [Solid 21] filed summary judgment on all of the affirmative claims that were raised in the Complaint, then I think you have a potential argument. But when I look at the Complaint – and somebody can correct me if I'm wrong, but it appeared that the summary judgment claims were made on one affirmative defense and then some of the counterclaims – or maybe all of the counterclaims that were asserted by Breitling. But summary judgment was not asserted by Solid 21 on its affirmative Lanham Act claims as well as the Connecticut Fair Trade Practices Act and whatever the other state claims were. Am I correct about that or am I wrong?
>
> Mr. Hecht:   You're correct about that. Trying to streamline the case, exactly. Thank you.

Dkt. No. 155 (Apr. 27, 2021 Discovery Conference transcript) at 12:8-22. By contrast, Solid 21's counsel clearly and repeatedly stated that it was interested in fulsome discovery for its affirmative case on infringement. Dkt. No. 185 (Apr. 19, 2021 Discovery Conference transcript) at 7:5-21. Breitling well knows this, yet decided to make this spurious claim anyways.

Breitling's characterization of Solid 21's statements at oral argument is a complete fabrication, and Breitling should retract these misrepresentations.

### B. BREITLING DID NOT PRODUCE MOST OF ITS DOCUMENT PRODUCTION UNTIL THIS COURT COMPELLED IT

Breitling's opposition attempts to characterize its document production in June 2021 as voluntary and its late production as justified. *See* Opp. at 5. This could not be further from the truth. Solid 21 had to fight tooth and nail to obtain this additional discovery, including numerous meet and confers with Breitling's counsel and ultimately the last resort of moving this Court to compel production. *See* Dkt. No. 206-2; *see also generally* Dkt. Nos. 142, 152-53, 155. After multiple oral hearings, this Court concluded that Breitling failed to comply with Rule 34 in their written discovery responses (Dkt. No. 155 at 21:20 – 22:20) and further found that Breitling shirked its discovery obligations when it neglected to produce or even search for responsive documents:

> The one thing that stood out to me as missing from those cases, or at least was not present in those rulings, were situations where the defendants themselves also did not comply with the discovery rules thereby contributing to the problem and where they may not be able to necessarily claim undue prejudice as a result of their own conduct.
>
> I find it disturbing that the [Breitling] Defendants never undertook a search for responsive electronically stored information despite what the local rules for the District of Connecticut define as electronically stored information and communications, as I mentioned earlier.
>
> I also find it troubling that there was never any mention made, despite the objections and the invocation of privilege, of a privilege log or whether there existed responsive documents. I certainly agree with Attorney Pangan that experienced counsel like Mr. Hecht and Mr. Kennedy might have surmised that there must be

8

> documents that hadn't been produced, but that's not the way our discovery rules are set up for counsel to have to surmise that. The rules require explicitly that documents that exist and are being withheld be specified and that a privilege log, if privilege is being claimed, be prepared and submitted to opposing counsel. That was not done in this case, and it was never done in response to Request for Production No. 1.

*Id.* at 26:22 – 27:20.

At the conclusion, this Court ***ordered*** Breitling to comply with Solid 21's discovery request and produce documents pursuant to such. *Id.* at 31:14-19. This is hardly indicative of a justified withholding or a voluntary production as Breitling would suggest.

In fact, Breitling's trepidation at producing these documents was so great that they even made a last-ditch attempt to prevent its production by improperly tying its frivolous motion for sanctions to stay the discovery. *See generally* Dkt. Nos. 166, 169, 170. It is no surprise, then, that this production contained documents that clearly support Solid 21's infringement case. *See* Mot. at 5-7 (detailing internal Breitling documents from its belated production which showed that Breitling used the term "Red Gold" to misleadingly describe its "rose gold" watches).

### C. BREITLING MISREPRESENTS SOLID 21'S CHARACTERIZATION OF ITS REPLACEMENT COUNSEL

Contrary to Breitling's insinuations (Opp. at 4-5), Solid 21 did not characterize its current counsel as "new" when they entered the case and early 2021, but rather as replacement counsel when they took over for Solid 21's previous attorneys. *See* Mot. at 3. It is true that Solid 21's current counsel, including Attorneys Hecht and Wu, represented it when this case was first filed in 2019. *See* Dkt. Nos. 11, 28. However, they parted ways with their prior law firm in or around Spring 2020 and ceased representing Solid 21 on this case at that time.[3] Dkt. No. 155 at 23:1 – 24:20 (the Court

---

[3] The subject of Solid 21's representation by its current counsel has been exhaustively litigated in numerous motions, including Solid 21's motion to compel discovery and Breitling's conspiracy theory-laden motion for sanctions (*see generally* Dkt. Nos. 163, 172, 176, 179, 180, 182). The Court has addressed and resolved this issue on multiple

9

finding that Attorney Hecht ceased representing Solid 21 in this case in Spring 2020 and that "not much occurred in this case throughout the rest of 2020"). Current counsel, including Attorneys Hecht and Wu, did not return to this case until the end of 2020 and early 2021. Dkt. Nos. 97-101, 131-32; Dkt. No. 115-1, ¶ 13 (Solid 21's CEO confirming that it retained its current counsel in this matter in late December 2020); Dkt. No. 155 at 24:7 – 25:21 (the Court found that upon Attorney Hecht's reappearance, Solid 21 exercised diligence in advancing discovery).

What Breitling entirely misses, and fails to address, is ***why*** the timing of when Solid 21's current counsel resumed its representation is even relevant to the motion at hand: it coincided with Breitling's early filing of its summary judgment motion. *See* Mot. at 3, 16. Breitling's silence on this issue betrays the suspicious timing of its motion: it was done in the hopes of catching Solid 21 in a vulnerable position, just as it was in the midst of changing counsel. The intention was to secure a decision based on an incomplete record. Breitling was fully aware that most discovery had yet to be completed and it was, in fact, withholding most of its document production. *See id.* at 3-4. Solid 21 instantly recognized this underhanded tactic for what it was and immediately filed a motion to postpone summary judgment briefing until after the close of discovery. *See supra* Part II.

## V. CONCLUSION

For the foregoing reasons and those in its Motion, Solid 21 respectfully urges this Court to reconsider its decision on fair use and, in the alternative, reconsider its decision denying Solid 21's motion under Fed. R. Civ. P. 56(d)(2) as moot.

---

occasions. *See* Dkt. No. 155 at 22:21 – 26:4 (in Solid 21's motion to compel); Dkt. No. 186 at 8-12 (in the motions for sanctions).

10

Dated: January 14, 2022

    /s/ David L. Hecht
David L. Hecht (*pro hac vice*)
Conor McDonough (*pro hac vice*)
Yi Wen Wu (*pro hac vice*)
Hecht Partners LLP
125 Park Avenue, 25th Floor
New York, NY 10017
P: (212) 851-6821
dhecht@hechtpartners.com
cmcdonough@hechtpartners.com
wwu@hechtpartners.com

Jeffrey W. Kennedy
Milano & Wanat LLC
471 East Main Street
Branford, CT 06405
P: (203) 315-7000
jkennedy@mwllc.us

*Counsel for Plaintiff Solid 21, Inc.*

## CERTIFICATE OF SERVICE

I, David L. Hecht, hereby certify that on January 14, 2022, I served a true and correct copy of the foregoing **PLAINTIFF SOLID 21, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION** to counsel of record via electronic filing.

                                                               */s/ David L. Hecht*
                                                               David L. Hecht