# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SOLID 21, INC.,

     *Plaintiff*,

v.

BREITLING U.S.A., INC.; BREITLING SA; AND BREITLING AG,

     *Defendants*.

No. 3:19-cv-00514 (MPS)

## RULING AS TO REMAINING CLAIMS

On December 10, 2021, I ordered the parties to file briefs addressing whether I should grant summary judgment on all remaining claims following my ruling granting summary judgment to the Defendants (collectively "Breitling") on the fair use defense. ECF No. 205. I have reviewed the briefs submitted by the parties in response to that order. ECF Nos. 210 and 213. After doing so, I GRANT summary judgment to Breitling as to all remaining claims in the case and instruct the Clerk to close this case for the reasons set forth in this ruling. I assume familiarity with my prior rulings and with the parties' briefs.

In its brief, Plaintiff Solid 21, Inc. ("Solid 21") argues that my ruling granting summary judgment as to fair use does not dispose of two of the eight causes of action in its complaint—the Fifth Cause of Action, which is entitled "False Description under the Lanham Act, 15 U.S.C. Sec. 1125(a)," and the Eighth Cause of Action which is entitled "Unfair Competition and Deceptive Acts and Practices under the Connecticut Unfair Trade Practices Act, CGSA Sec. 42-110b." ECF No. 1. More specifically, Solid 21 argues that its Fifth Cause of Action includes a claim for "false advertising" in violation of 15 U.S.C. Sec. 1125(a) and

suggests that the false advertising claim is that "Breitling advertises their watches as 'Red Gold' even though they are actually made of 'Rose Gold.'"  ECF No. 210 at 4.  Solid 21 further argues that any Lanham Act violation is also a violation of the Connecticut Unfair Trade Practices Act, which means that its claim for false advertising, in effect, also sustains its CUTPA claim.  ECF No. 210 at 4.  The problem with Solid 21's argument is that the complaint does not plead a claim of false advertising or any claim based on Breitling's alleged advertising as "Red Gold" watches that "are actually made of Rose Gold."   The core allegations of the complaint are, instead, that Breitling used Solid 21's "Red Gold" trademark in commerce in a manner likely to cause confusion as to the source of Breitling's goods and thereby infringed the mark.  ECF No. 1 ¶¶ 20–25.  Building on these allegations, Solid 21's Fifth Cause of Action alleges that "Defendants' commercial use of the RED GOLD® mark in the design, manufacturing, marketing, advertising, and/or sale of their products is *likely to create confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of Solid 21's products, or to deceive consumers as to the origin, sponsorship, or approval of Solid 21's products*, all in dilution of the distinctive quality of the RED GOLD® mark" and that "Defendants' use of the term RED GOLD® comprises a false description and/or representation of such business or products under 15 U.S.C. § 1125(a), Section 43(a) of the Lanham  Act." ECF No. 1 ¶¶ 57, 58 (emphasis added).

As Solid 21 recognizes (ECF No. 210 at 2), Section 1125(a)(1) of the Lanham Act prohibits two types of "false or misleading description[s] of fact": (A) one that is "*likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person*"; and (B) one that "in

commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. §§ 1125(a)(1)(A)&(B) (emphasis added). The language of Solid 21's Fifth Cause of Action, quoted above, and the core allegations of the complaint plainly invoke the first type, i.e., trademark infringement, rather than the second type, i.e., false advertising. Indeed, the phrase "false advertising" appears nowhere in the complaint. Nor is there any reference to "rose gold" or to Breitling's advertising as "Red Gold" watches "actually made of Rose Gold." The Eighth Cause of Action, the CUTPA claim, similarly rests on the claim of infringement and makes no reference to false advertising. *See* ECF No. 1 ¶¶ 71a & 71b ("71a. By the unauthorized use, distribution, offer for sale, advertising, and/or sale of goods, including the infringing watches, bearing the RED GOLD® mark" and "By their unauthorized distribution, advertisement, promotion, offering for sale, and/or sale of products bearing marks confusingly similar to the RED GOLD® mark, Defendants have engaged in consumer-oriented conduct that has affected the public interest of Connecticut and has resulted in injury to consumers in Connecticut.").

This is the way the parties construed the complaint in the briefing related to Breitling's summary judgment motion. Breitling moved for summary judgment as to all counts of the complaint (ECF No. 107-1) but made no mention of false advertising in its brief, while Solid 21's response did not suggest that Breitling's motion covered anything less than the entire complaint.

Solid 21's final argument is that I ruled on fair use "on a nonexistent record," because Breitling filed its summary judgment motion "while there had barely been any discovery conducted." ECF No. 210 at 4. To the extent this argument seeks reconsideration of

my ruling granting summary judgment to Breitling as to fair use, I have already denied Solid

21's motion for reconsideration on that issue.  ECF No. 216.  And in doing so, I considered

documents Solid 21 submitted from discovery materials it obtained from Breitling after the

filing of the summary judgment briefs.  Accordingly, Solid 21 received an opportunity, in

effect, to supplement the summary judgment record with discovery materials not available to it

when it submitted its January 26, 2021 opposition to summary judgment.  In any event, the

adequacy of the summary judgment record is not relevant to whether I should allow Solid 21 to

press claims it did not plead.

Because Solid 21's Fifth and Eighth Causes of Action are either trademark

infringement claims or wholly derivative of trademark infringement claims, and because I have

granted Breitling summary judgment on its fair use defense to trademark infringement, I grant

summary judgment to Breitling as to the Fifth and Eighth Causes of Action as well.  Because

there are no remaining claims and because Breitling's counterclaims are moot, the Clerk is

directed to close this case.

IT IS SO ORDERED.


_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                January 24, 2022

4