UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOLID 21, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> BREITLING USA, INC., BREITLING SA, and BREITLING AG, <br><br> *Defendants*. | No. 3:19-cv-00514 (MPS) |

**RULING ON MOTION FOR ATTORNEY FEES AND COSTS**

Plaintiff Solid 21, Inc. ("Solid 21") brought this action alleging, among other things, trademark infringement under 15 U.S.C. § 1114. Solid 21 claimed that Defendants Breitling USA, Inc., Breitling SA, and Breitling AG (collectively, "Breitling") infringed on Solid 21's "Red Gold" mark in numerous advertisements for watches. While I initially granted in part and denied in part Breitling's motion for summary judgment, I ultimately granted Breitling's motion for reconsideration and dismissed each of Solid 21's claims. A split panel of the Second Circuit affirmed. Now, Breitling moves for attorney fees and costs under the Lanham Act, 15 U.S.C. § 1117(a) and this Court's inherent powers to award attorney fees. For the reasons explained below, I deny Breitling's motion. I presume the parties' familiarity with the facts and procedural history and therefore do not repeat them here.

**I.      LEGAL STANDARD**

The Lanham Act provides that courts "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014);

1

*see also Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 530 (2d Cir. 2018) (holding that the *Octane Fitness* standard applies not only to Patent Act cases but also to Lanham Act cases). In deciding whether to award fees, I have "wide latitude" to "engage in a case-by-case exercise of [my] discretion, considering the totality of the circumstances." *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 215 (2d Cir. 2019) (citation and internal quotation marks omitted). Thus, I may consider "a wide variety of factors, including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Sleepy's LLC*, 909 F.3d at 530 (quoting *Octane Fitness, LLC*, 572 U.S. at 554 n.6). I may "award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness, LLC*, 572 U.S. at 555.

I may also award fees "pursuant to [the Court's] inherent equitable powers" where one party "acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *Odeon Cap. Grp. LLC v. Ackerman*, 864 F.3d 191, 198 (2d Cir. 2017) (citation, internal quotation marks, and brackets omitted). My use of this power "must be justified by a finding supported by clear evidence that (1) the offending party's claims were entirely without color, and (2) the offending party's claims were made in bad faith." *Mali v. Fed. Ins. Co.*, 720 F.3d 387, 394 (2d Cir. 2013). I have "very broad discretion to deny an application to shift fees" on these grounds. *Id.*

II.     DISCUSSION

Breitling argues that I should award it attorney fees in this case because (1) Solid 21's claims were "frivol[ous]" and contradictory, ECF No. 220-1 at 8, 18-20, (2) Solid 21 delayed resolution of the case through "dilatory conduct," including switching counsel multiple times, *id.*

2

at 8, 13-18, and (3) Solid 21 "instigated a ferocious marketing [campaign] against Breitling," *id.* at 19-20. I disagree and find that the circumstances Breitling has identified are not so exceptional or indicative of bad faith as to warrant attorney fees.

First, Solid 21's allegations are not frivolous, nor does this case otherwise "stand[] out from others with respect to the substantive [merits] of [Solid 21's] litigating position." *Octane Fitness*, 572 U.S. at 554. At the summary judgment stage of this litigation, I initially denied the portion of Breitling's motion for summary judgment related to Solid 21's trademark infringement claim. ECF No. 191. Only after Breitling moved for reconsideration did I ultimately grant summary judgment for Breitling on all claims. ECF Nos. 204, 218. On appeal, the Second Circuit was split: while the majority affirmed my ruling that Breitling's use of the "red gold" mark constituted "fair use," Judge Park dissented, writing that the "fair-use analysis in this case is not obvious" and that issue should therefore be decided by jury. *Solid 21, Inc. v. Breitling U.S.A., Inc.*, 96 F.4th 265, 282 (2d Cir. 2024) (Park, J., dissenting). In a related case against another watch company, a judge in the Southern District of New York denied summary judgment on the issue of fair use. *Solid 21, Inc. v. Richemont N. Am., Inc.*, No. 19-CV-01262 (LGS), 2023 WL 3996530, at *10 (S.D.N.Y. June 14, 2023). That multiple courts have struggled to decide the fair use issue illustrates that Solid 21's trademark infringement claim was not frivolous. Thus, the substantive strength of Solid 21's case counsels against awarding attorney fees.[1]

---

[1] Breitling argues that the "frivolity of [Solid 21's] claims" is revealed by its effort to assert a new false advertising claim partway through the litigation. ECF No. 220-1 at 8. While I agree with Breitling that Solid 21 did not raise a false advertising claim in its complaint, and I therefore did not permit Solid 21 to rely on such a claim to avoid summary judgment, *see* ECF No. 218, it is not "exceptional" for a party to try—and fail—to stretch its complaint somewhat further than the allegations can support. To the extent the false advertising theory contradicted arguments raised by Solid 21 at other points in the litigation, plaintiffs are ordinarily permitted to "plead . . . alternative theories of relief even if the theories are inconsistent with one another." *Bigsby v. Barclays Cap. Real Est., Inc.*, 298 F. Supp. 3d 708, 725 (S.D.N.Y. 2018), *aff'd*, 841 F. App'x 331 (2d Cir. 2021). And since I had already ruled against Solid 21 on several key issues, it was not unreasonable or unethical for it to adjust its position in response to my rulings.

Further, I do not agree that Solid 21's actions in this case were exceptionally dilatory or clearly in bad faith. Breitling points to several examples to support its argument that Solid 21 acted unreasonably: (1) Solid 21's naming of CVC Capital Partners SICAV-FIS S.A. as a defendant then voluntarily dismissing all claims against it after a motion to dismiss was filed, ECF No. 220-1 at 13, (2) Solid 21's delays in providing information about potential witnesses and in otherwise advancing discovery, *id.* at 13-14, (3) Solid 21's decision to switch counsel multiple times, *id.* at 14-16, (4) and Solid 21's requesting certain documents in discovery that ultimately turned out to be irrelevant, *id.* at 17.  After reviewing the record, I find that while discovery was extensive and contentious, and this case was at times delayed, Solid 21's actions were not so different from the actions of litigants in other similar cases. And I note that I already considered one issue Breitling raises—Solid 21's failure to disclose its expert witnesses until 18 days after the disclosure deadline—and concluded that the error did not warrant excluding those experts' testimony. ECF No. 191 at 16.

Breitling also argues that Solid 21's counsel "set into motion certain marketing that, among other things, touted a discovery ruling out of context, and described Breitling's president as having been 'accused of being homophobic' and as 'lik[ing]' to take risks.'" ECF No. 220-1 at 19-20. These marketing efforts may have undermined the mediation process. *Id.* However, it does not appear that Solid 21's counsel violated any ethics rules or that counsel's conduct was otherwise exceptional. *See* ECF No. 186 at 8 (denying motion for sanctions based on Solid 21's contributions to the media articles and finding that counsel did not violate any ethics rules). While it sometimes crosses a line to do so, parties frequently seek to create media narratives to gain the upper hand in litigation, and there was no ethics violation here.

4

Thus, Breitling has not shown that any of Solid 21's conduct was "exceptional." Nor has it shown by clear and convincing evidence that Solid 21 acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Odeon Cap. Grp. LLC*, 864 F.3d at 198 (citations and internal quotation marks omitted). Finally, even if I were inclined to award attorney fees, Breitling's motion is not properly supported. It has redacted the description of services column on its time sheets, ECF No. 220-3 at 15, preventing Solid 21 and the Court from assessing the reasonableness of the fees. While Breitling has offered to "make the invoices available for in-camera review by the Court," ECF No. 225 at 13, this proposal solves only part of the problem. Solid 21 would still have no ability to review the proposed fees to identify potential excessive fees. And it is not plausible that Breitling was unable to provide even a general description of the legal services it performed without revealing secrets protected by the attorney-client privilege.

### III.   CONCLUSION

For these reasons, Breitling's motion for attorney fees and costs is DENIED.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut
             September 17, 2024

5